Gardiner, J.
 

 delivered the opinion of the court. The most important question in this cause, is whether a judgment obtained without fraud or collusion, is conclusive evidence in suits between creditors, in relation to the property of the judgment debtor, of the indebtedness of the latter.
 

 A debtor may be said to sustain two distinct relations to his property; that of owner, and quasi trustee for his creditors. As owner he may contract'debts to be satisfied out of his property, confess judgments, create liens upon it, sell or give it to thers at pleasureand so far as he is personally concerned, ' will be bound by his own acts. But the law lays upon him an obligation to pay his debts, and holds him in behalf of his creditors to the exercise of good faith in all transactions relating to the fund upon which they must depend for payment. He can, therefore, neither create a debt, or do any of the things above mentioned mala fide to their prejudice. The common law, of which the English statute and our own is but the exposition declares that every such debt, judgment or assurance, contracted or given with the intent to hinder, delay or defraud his creditors, as against them, to be void. And equity in many cases holds the debtor and his confederates in the fraud as trustees for the parties aggrieved. The rights of creditors to the property of the debtor, are to be worked out through the different relations to which I have alluded.
 

 In creating debts, or establishing the relation of debtor and creditor, the debtor is accountable to no one unless he acts
 
 *275
 
 mala fide. A judgment, therefore, obtained against the latter without collusion, is conclusive evidence of the relation of debtor and creditor against others: 1st, because it is conclusive between the parties to the record, who in the given case have the exclusive right to establish it; and 2d, because the claims of other creditors upon the debtor’s property are through him, and subject to all previous liens, preferences or conveyances made by him in good faith. Any deed, judgment or assurance of the debtor, so far at least as they conclude him, must estop his creditors and all others. Consequently, neither a creditor nor stranger can interfere ill the bona fide litigation of the debtor, or re-try his cause for him, or question the effect of the judgment as a legal claim upon his estate. A creditor’s right, in a word, to impeach the act of his debtor, does not arise until'the latter has violated the tacit condition annexed to the debt; that he has done and will do nothing to defraud his creditors.
 

 Where, however, fraud is established, the creditor does not claim
 
 through
 
 the debtor, but adversely to him, and by a title paramount, which overreaches and annuls the fraudulent conveyance or judgment by which the latter himself would be estopped. It follows from the principles suggested, that a judgment' obtained without fraud or collusion, and which concludes the debtor; whether rendered upon default, confession, or aftei contestation, is upon all questions affecting the title to his property, conclusive evidence against his creditors, to establish 1st, the relation of creditor and debtor between the parties to the record, and 2d, the amount of the indebtedness. This principle is assumed in our statute in relation to creditors’ bills, (2
 
 R. S.
 
 174, § 38,) and decided in
 
 Rogers
 
 v.
 
 Rogers,
 
 (3
 
 Paige,
 
 559;) 2
 
 Greenlf. Ev.
 
 531; 4
 
 Rawle,
 
 288, 9.
 

 It is immaterial whether the debt was created prior or subsequent to the fraudulent lien, or conveyance, which is sought to be removed. The right of the creditor to impeach the assurance of the debtor, arises out of the relation which exists between them at the commencement of the suit for that purpose, and does not depend upon the time when the fraud was consummated. Hence a conveyance made with intent to defraud
 
 *276
 
 subsequent creditors is void at their election. And the fraudulent grantee would not be permitted to allége, in bar of the action against him, that the parties seeking relief were not creditors prior to, or at the time of the conveyance. (1
 
 Atkyns,
 
 94; 2
 
 id.
 
 481, 512; 8
 
 Cowen,
 
 431, 441; 11
 
 Wheaton,
 
 209; 1
 
 Story’s Eq.
 
 § 356;
 
 Jackson
 
 v.
 
 Myers,
 
 18
 
 John. R.
 
 425; 20
 
 id,
 
 472.) The only difference in the two cases is found in the degree of evidence necessary to establish the fraud. In this case, the defendants have not alleged that the judgment of the complainant was not obtained in good faith. But they insist that there was error in the suit in which it was obtained, in the determination of a question of fact; and that they are not concluded by the defence of the debtor, because they are not in privity with him. We think otherwise. The law which gave the judgment debtor the unlimited right, (when honestly exercised,) to contract debts, to settle and adjust their amount, to secure and to pay them, made him to this extent the representative of all his creditors who should seek the satisfaction of their demands out of his property; so far at least they are in privity with, and claim under their debtor. If, as the defendants insist, they hold the property in question by a title derived under a valid judgment, prior to that of the complainant, their rights cannot be affected by this evidence. If, however, as the bill alleges, their judgment was fraudulent, the complainant, as a creditor, can repudiate it, and claim the property as that of his debtor, his acts to the contrary notwithstanding, and hold his confederates in the fraud accountable as trustee for his benefit. If the defendants would shield themselves under the maxim,
 
 Potior est conditio defendentis,
 
 they should show, at least allege, that the complainant is in
 
 pari delicto.
 

 But it is insisted that the complainant, by replying instead of excepting to the answer, has waived all right to insist upon the judgment as an estoppel: and that upon the pleadings, the whole question of the indebtedness of the judgment debtor is opened as a question of fact. The judgment is distinctly stated in the bill, and as distinctly admitted in the answer of the defendants. The estoppel, therefore, appears upon the record.
 
 *277
 
 This is all that is necessary to satisfy the rule of pleading at law.
 
 (Chit. on Pl.
 
 592; 1
 
 Saund.
 
 326.) In chancery, the general replication only is allowed. It is a denial of the defence and a maintenance of the bill.
 
 (Story's Eq.
 
 § 887.) But it does not put in issue immaterial facts stated in the answer. The complainant might have excepted to the answer, it is true, but he was not obliged to do so. The defendant cannot, by stuffing his answer with irrelevant matter, compel the complainant to except, or to lose the benefit of material facts averred by him and admitted by the answer. This would be to enable a party to take advantage of his own bad pleading. In courts of equity, mispleading in matters of form is never allowed to prejudice any party.
 
 (Story's Eq. Pl.
 
 § 882.
 

 And finally, it is said that the granting of a feigned issue rests in the discretion of the chancellor. This is true, where facts are to be ascertained, not where they are admitted. The defendants admit the judgment, and its legal effect was a question of law, which the chancellor.could not submit to a jury. Discretion in this case, implies a right in the chancellor to fix the mode of trial according to his own judgment. But if the judgment as evidence was conclusive, there was nothing to try, and of course no room for discretion as to the mode of trial.
 

 My brethren concur in the conclusions above stated, upon all the points discussed except the last. A majority of the court are of opinion that the decision of the chancellor was upon a question of practice, which is not a proper subject of review in this court, and for that reason the appeal should be dismissed.
 

 Appeal dismissed.1