ATKINS v. HOSLEY *et al.*, appellants.

*Vendor and purchaser of chattels — breach of warranty of title. Eviction.*
*Measure of damages.*

S. sold defendants a canal boat, which was then subject to an equity of redemption in H., under a chattel mortgage. The defendants sold the boat to the plaintiff, with warranty of title. H. subsequently recovered a judgment against S., under which the boat was sold by the sheriff, and the plaintiff deprived of the possession. *Held*, that the dispossession of the plaintiff being by virtue of an equitable right or title, subsisting in H. at the time of the sale by the defendants, an eviction by paramount title was shown ; and that H.'s equity of redemption constituted such a defect in the title of the defendants as, coupled with the eviction, amounted to a breach of their warranty.

*Held*, also, that in an action for such breach, evidence of the judgment recovered by H. against S. was properly admitted, and that the proper measure of damages was the price which the plaintiff paid for the boat.

APPEAL from a judgment in favor of plaintiff, entered upon the report of a referee. The action was brought by the plaintiff David F. Atkins against the defendants Frank Hosley and Michael Doran, to recover damages for a breach of warranty of title to a canal boat. The material facts appear in the opinion. Other facts in relation to the matter will be found in the case of *Halstead* v. *Swartz*, 1 N. Y. Sup. 559.

*I. N. Messinger*, for appellant. The judgment in the case of *Halstead* v. *Swartz* was a personal judgment, and is not conclusive against the defendants here, as neither of the parties to this suit had notice of it. *Burt* v. *Dewey*, 31 Barb. 540 ; S. C., 40 N. Y. 283. A plaintiff cannot dispute the title of his vendors, unless he has been charged at the suit of the true owner, who has shown a better title. *Vibbard* v. *Johnson*, 19 Johns. 77. There must be a legal eviction, or a recovery, against the purchaser by the true owner, before he can maintain an action against his vendors. *Livingston* v. *Bain*, 10 Wend. 384 ; *Case* v. *Van Etten*, 24 id. 102. The measure of damages is the actual value of the boat at the time she was taken from the plaintiff's possession. Sedgw. on Dam. (4th ed.) 325, 328 ; *Furniss* v. *Ferguson*, 15 N. Y. 437 ; S. C., 34 id. 485 ; *Burt* v. *Dewey*, 40 id. 286 ; *Bennett* v. *Buchan*, 53 Barb. 584.

*George B. Bradley,* for respondent. There was a breach of the warranty established by the evidence, and the referee properly so found. *Dresser* v. *Ainsworth,* 9 Barb. 619. The judgment against Swartz, declaring the right of Halstead to the boat, was conclusive against the defendants as subsequent purchasers from Swartz, and against the plaintiff and Root. *Jackson* v. *Losee,* 4 Sandf. Ch. 381; *Murray* v. *Lylburn,* 2 Johns. Ch. 441; *Scudder* v. *Van Amburgh,* 4 Edw. 29; *Jackson* v. *Stone,* 13 Johns. 447. The taking of the boat upon the Halstead judgment was in the nature of an eviction by title paramount, and gave to the plaintiff a right of action. *Bordwell* v. *Collie,* 1 Lans. 141; S. C., 45 N. Y. 494. The measure of damages for breach of a warranty of title is at least the amount paid the vendors for the property. *Mack* v. *Patchin,* 29 How. 20; *Dimmick* v. *Lockwood,* 10 Wend. 142; *Bennet* v. *Jenkins,* 13 Johns. 50; *Rew* v. *Barber,* 3 Cow. 272. The plaintiff had the right to recover that amount as for money had and received (*Rew* v. *Barber, supra ; Colville* v. *Besley,* 2 Denio, 139), and that right was complete when the property was taken upon the Halstead judgment. *Bordwell* v. *Collie, supra.*

GILBERT, J. The defendants being in the actual possession of the canal boat at the time of the sale thereof to the plaintiff, the law annexed, by implication, a warranty of title thereto by the vendors. *Scranton* v. *Clark,* 39 N. Y. 220. It is otherwise when a vendor sells chattels not in his possession. S. C., 39 Barb. 273, and authorities cited. In this case it cannot be disputed that the defendants gave such a warranty, for the answer expressly admits the fact. In the findings of the referee, the warranty is stated to be one against incumbrances only, but the facts found clearly establish a warranty of title also.

Was a breach of this warranty proved? It appears that one Swartz, was the original owner of the canal boat; that the title of the defendants was derived from a sale of the boat, made by Swartz to them October 7, 1869, and that the sale to the plaintiff was made nine days afterward, namely, October 16, 1869. Swartz had, before the sale to the defendants, sold the boat to one Halstead, and had taken Halstead's notes for the price, payable at successive times, together with a chattel mortgage on the boat to secure the payment of the notes. One of these notes became due, and Halstead neglected to pay it. Whereupon Swartz seized the boat, and caused her to be

sold to one Frank. The referee has found that this sale was made without notice to said Halstead, and without public notice, and that it was fraudulent and inequitable and in derogation of the rights of Halstead, he then being the owner of the boat.

Immediately after the sale to Frank, Swartz bought the boat from him, and then sold her to the defendants. Before the sale by Swartz to the defendants, however, namely, on the 20th of September, 1869, Halstead commenced a suit in equity against Swartz to redeem the boat, and on the 11th of January, 1870, obtained a judgment therein by default, whereby it was, among other things, adjudged and decreed, that Halstead owned and was entitled to the immediate possession of the boat, and that Swartz deliver her to Halstead free and clear of incumbrances made or suffered by him, or any person claiming by, from or under him since September 10, 1869. Upon this judgment an execution was duly issued to the sheriff of the city and county of New York, under and by virtue of which said sheriff, on the 26th day of October, 1870, seized said boat and took her from the possession of the plaintiff, and the plaintiff has been deprived of her ever since. The judgment was, on motion of Swartz, vacated on the 15th November, 1870, and this suit was not commenced until March, 1871. In the meantime, efforts were made to have the possession of the boat restored to the plaintiff, but they proved fruitless, and the boat has been wholly lost to him.

At the trial the defendants objected to the admission of the judgment recovered by Halstead in evidence, on the ground that neither the defendants nor the plaintiff were parties to it, and that it was not in force when this action was commenced. The referee overruled the objection, and the defendants excepted. We think the evidence was properly admitted.

An eviction under a paramount title, with which the plaintiff was not connected, was all the proof necessary to entitle him to recover for a breach of the warranty. *Sweetman* v. *Prince*, 26 N. Y. 224; *Burt* v. *Dewey*, 40 id. 283; *Bordwell* v. *Collie*, 45 id. 494; Rawle on Cov., ch. 5, 7. The judgment was clearly competent to prove the fact that such an adjudication had been made, and that the eviction under it was legal; in other words, that the sheriff was not a naked trespasser whom the plaintiff was bound to resist. It was also admissible upon another ground, namely, that upon which papers or documents executed by Swartz and Halstead, and constituting muniments of title, would have been competent to prove

the interest of either of them. In this point of view, neither kind of evidence is obnoxious to the objection, that it is *res inter alios acta*. The effect to be given to the judgment after its admission is another question. We think it was at least *prima facie* evidence of the facts established by it. 1 Greenl. Ev., §§ 189, 523; *Candee* v. *Lord*, 2 N. Y. 269; *Voorhees* v. *Seymour*, 26 Barb. 569, 585; *Jarvis* v. *Sewall*, 40 id. 464; *Hall* v. *Stryker*, 27 N. Y. 596; *Rinchey* v. *Stryker*, 28 id. 45; *Barney* v. *Patterson*, 6 Har. & J. 182, 203. It is true that a judgment or decree binds only the parties and their privies in representation or estate. But the authorities cited on this subject show that the defendants were privies of Swartz, within the meaning of the rule. Greenleaf says, "the term 'privity' denotes mutual or successive relationship to the same rights of property;" and in *Candee* v. *Lord*, it was held that a judgment recovered by a creditor against his debtor, without fraud or collusion, whether rendered upon default, confession, or after contestation is, upon all questions affecting the title to his property, conclusive evidence against his creditors to establish, 1st, the relation of creditor and debtor between the parties to the record; and 2d, the amount of the indebtedness, because it is conclusive between the parties to the record, and because the claims of other creditors upon the debtor's property *are through him*. The other cases cited are to the same effect. So here the defendants claim through Swartz. He could convey no greater interest than he owned, and his transfer was necessarily subject to the rights legal, or equitable, of Halstead.

If it had appeared that the complaint in the suit in which the judgment was recovered had been filed before the sale to the defendants, a *lis pendens* would have been created, and on this ground the judgment would have been conclusive. A purchase of property actually in litigation, *pendente lite*, is subject to the judgment or decree that may be made in the suit. Story says (Eq. Jur., § 406:) "He who purchases during the pendency of a suit, is held bound by the decree that may be made against the person from whom he derives title." The reason is, that "otherwise alienation made during a suit might defeat its whole purpose, and there would be no end to litigation." Hence public policy, irrespective of the rights of the parties, requires that the judgment should have that effect. But the commencement of an action, by the service of a summons, does not create a *lis pendens* affecting third persons not parties to the

action. To bind a purchaser *pendente lite* by the judgment, there must be a complaint on file at. the time of his purchase in which the claim upon the property is set forth. *Leitch* v. *Wells*, 48 N. Y. 585, and cases cited. As the case does not show this prerequisite to an effectual *lis pendens*, the judgment had not a conclusive effect upon the defendants; in other words, the suit did not affect them with notice. But as they took subject to all the equities of the parties, no notice was necessary in order to invalidate their purchase, or to let in those equities. In all other respects, except as to notice, the judgment bound them.

We think also, that giving to the judgment this limited effect, and taking the facts proved *dehors* the record, an eviction by paramount title was shown. The judgment established the rights of Halstead and Swartz, as between themselves. The defendants were at liberty to prove that it was obtained by fraud or collusion, or to establish a title in themselves in any legitimate way. The judgment being evidence *prima facie*, the question is, whether the presumption arising from it was overcome by proof.

The referee has found that the title acquired pursuant to the sale under the mortgage held by Swartz was illegal and void. for the reason that the sale was fraudulent. But he also finds that Halstead made default in the payment of one of the notes which he gave to Swartz on the purchase of the boat, and to secure which Swartz held the mortgage under which the sale occurred. Upon this default the legal title to the boat became absolute in Swartz. *Halstead* v. *Swartz*, 1 N. Y. Sup. 559. Halstead, however, had an equity of. redemption, which could not be barred except by a sale untainted by fraud, by judicial decree, or by lapse of time. In other words, Halstead held the equitable title to the boat, notwithstanding the sale, because the fraud in the sale rendered it ineffectual to bar the equity of redemption. Willard's Eq. Jur. 458, and cases cited; *Chamberlain* v. *Martin*, 43 Barb. 607; *Stoddard* v. *Denison*, 38 How. 296; *Charter* v. *Stevens*, 3 Denio, 33; *Buffalo S. E. Works*, v. *Sun Mut. Ins. Co.*, 17 N. Y. 402. It was this equitable right to redeem which Halstead asserted in the suit in which he recovered judgment against Swartz. If valid, it was paramount to the title which the defendants acquired under the sale by Swartz. The referee has found nothing against this right of redemption. Nor does the case show that it contains all the evidence given on the trial. Every intendment, therefore, must be in favor of upholding the decision of the

referee. In the absence of a finding to the contrary, the legal presumption is, that the sale by the defendants to the plaintiff was subject to Halstead's equity of redemption. Swartz held the boat when he sold it to the defendants, subject to that claim. He could convey to them no greater interest than he himself owned; nor could they convey to the plaintiff any greater interest than that which they acquired from Swartz. It follows from these considerations, that the eviction of the plaintiff was by virtue of an equitable right or title, subsisting in Halstead at the time of the sale by the defendants, and that such right or title was paramount to the legal title which the plaintiff got by his purchase. The fact that the judgment recovered by Halstead against Swartz was set aside after the plaintiff had been evicted, can have no legal effect upon his rights. His right of action accrued the moment the eviction occurred, and cannot be barred or released by the acts of others. Nothing short of a restitution of the boat to him could deprive him of his remedy upon his warranty. This was not done. On the contrary, it is a legitimate inference from the evidence, and from the findings of the referee, that the boat was surrendered by Swartz with the consent of the defendants to Halstead in fulfillment of one of the conditions on which the default was opened.

Independently of what has been already said, Halstead's equity of redemption constituted such a defect in the title of the defendants as, coupled with the eviction proved, constitutes a breach of their warranty. Upon principle, a warranty of the title to chattels ought to be held to impose on the warrantor the obligation that the vendee shall be safe from all just claims of other parties, legal or equitable, existing at the time of the sale, especially when a suit to enforce such a claim was pending at the time the warranty was given. The thing which the defendants sold was a canal boat, and not a lawsuit. "The seller," says Mr. Bell, in his Treatise on the Contract of Sale, 95, "is bound by his warranty to protect the buyer from all evictions arising from circumstances anterior to the sale, of which the cause or the germ existed at the time of the sale, as debts chargeable on the thing sold, revenue duties to which the goods are liable, or such defects in the sellers title as form a *labes realis*." This doctrine is obviously just, and was approved by the court of appeals in the case in 26 N. Y., before cited, and in *McKnight* v. *Devlin*, 52 id. 399.

We think the rule of damages applied by the referee, namely, the

price which the plaintiff paid for the boat, was correct. It rests on the principle that a man is entitled to recover back money he has parted with upon a consideration which has failed. *Staats* v. *Ten Eyck*, 3 Cai. 111; *Peters* v. *McKeon*, 4 Denio, 550; Rawle on Cov. (4th ed.) 242. *Mack* v. *Patchin*, 42 N. Y. 167, was the case of a lease, and is not applicable.

The judgment should be affirmed, with costs.

*Judgment affirmed.*