THOMAS W. HERSEY AND LEVI P. HERSEY, RESPONDENTS, v. GEORGE BENEDICT, SHERIFF, ETC., APPELLANT.

*Action to recover goods procured through fraud — admissibility, of judgments against debtor — of general assignment made by him — of similar frauds and attempts at frauds — Not necessary that vendor relied solely on representations — vendor may re-take a part and sue for the rest of the goods.*

This was an action of replevin to recover goods in the hands of the sheriff, seized by him under executions issued against one Cummings, plaintiffs alleging that Cummings had purchased the goods from them by means of false and fraudulent representations, and with intent not to pay for them. Upon the trial a number of judgments recovered against Cummings — under two of which the executions were issued — were, against defendant's objection and exception, received in evidence. *Held,* that they were admissible as they tended to establish the falsity of the representations and the preconceived intention not to pay for the goods.

As between creditors, judgments against the debtor, unimpeached for fraud, are conclusive evidence of indebtedness upon all questions affecting the title to the judgment-debtor's property.

In such an action, evidence that the debtor has made a general assignment, is admissible, to show the intent with which he made the purchase, against creditors who have recovered judgments after the purchase and before the assignment.

Proof of similar and cotemporaneous frauds are admissible in evidence, as bearing upon the question of intent.

*Semble*, that evidence of an attempt to commit a similar fraud, at about the same time, by similar means, is admissible, whether it was successful or unsuccessful.

It is not necessary, to authorize the rescinding of a contract of sale, that the sale should have been made solely in reliance upon the false representations.

When a vendor has disaffirmed a sale on account of fraud, he may reclaim by an action in replevin such of the goods sold as are within his reach, and at the same time maintain an action against the vendee to recover damages for those that have been disposed of.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury at the Oneida Circuit, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*Risley, Stoddard & Matteson*, for the appellant. The bringing of another action by plaintiffs for the entire cause of action was a bar or ratification, so that they could not succeed in this action. (*Bliss* v. *Cottle*, 32 Barb., 322; see, also, *Stevens* v. *Hyde*, id., 171; 2 Lans., 492; 2 Hill, 288; 14 Barb., 598; 35 id., 76; 4 Denio, 51; 45 Barb., 499; 6 N. Y., 648; *Bruce* v. *Davenport*, 3 Keyes, 474; 24 Wend., 74; 48 N. Y. [1 Sickles], 533.)

*William B. Sutton*, for the respondents. Proof of cotemporaneous frauds is admissible. (*Benham* v. *Cary*, 11 Wend., 83; *Allison* v. *Matthew*, 3 Johns., 235; *Jackson* v. *Timmerman*, 12 Wend., 299; *Hall* v. *Naylor*, 18 N. Y., 588; *Hathorne* v. *Hodges*, 28 id., 486; *Miller* v. *Barber*, 66 id., 558; *Cary* v. *Hotailing*, 1 Hill, 311.) Evidence of this nature is received to show *quo animo* the purchaser buys. (*Cary* v. *Hotailing*, 1 Hill, 311; *People* v. *Hopson*, 1 Denio, 574; *Hall* v. *Naylor*, 18 N. Y., 588; *Miller* v. *Barber*, 66 id., 568.) The court did not err in refusing to charge that the bringing of an action by plaintiffs for the entire cause

of action is a bar or ratification, so that they cannot recover in this action. Fraud and deceit is an action *ex delicto*, and not in affirmance of the contract. (*Miller* v. *Barber*, 66 N. Y., 558; *Hubbell* v. *Meigs*, 50 id., 487.) The pendency of the action was not pleaded in bar. (*Kerr* v. *Hayes*, 35 N. Y., 336; *Miller* v. *Maurice*, 6 Hill, 126.) Sole reliance upon the representations is not necessary. (*People* v. *Haynes*, 11 Wend., 566; *People* v. *Herrick*, 13 id., 91; *Morgan* v. *Skiddy*, 62 N. Y., 328; *Hubbard* v. *Briggs*, 31 id., 532.)

TALCOTT, P. J.:

This is an appeal from a judgment rendered on a verdict at the Oneida Circuit, and from an order denying a new trial upon the minutes.

The action is replevin, brought against the defendant as sheriff of Oneida county, by the plaintiffs, who are wholesale shoe dealers in Boston, to take out of the defendant's hands certain boots and shoes which he had in his possession, under a levy upon certain executions against Josiah E. Cummings, a retail boot and shoe dealer, at Utica, in this State, upon the ground that the said goods had been purchased of the plaintiffs by Cummings by means of false and fraudulent representations, and also upon the ground that said Cummings purchased the said goods of the plaintiff with the fraudulent and preconceived design not to pay for them.

The case of the defendant on this appeal is stuffed with numerous exceptions to the rulings of the court in regard to the admission of evidence, upon which only those hereafter considered are thought to call for any observations.

The defendant, in pleading, as a justification for the taking of the said goods as the property of Cummings, alleged the recovery of three judgments, by certain parties named, and executions issued thereon, under which he had seized the goods as the property of Cummings. In the course of the investigation on the trial, the plaintiffs offered in evidence two of them, and certain other judgments recovered against Cummings, and the defendant objected to the proof of the said judgments, on the ground that they were immaterial and incompetent. The objections were overruled, and the defendant excepted.

The defendant now objects that these judgment-rolls and their contents were admitted generally, and with no restriction as to what they should prove.

As between creditors, judgments against the debtor, unimpeached for fraud, are conclusive evidence of indebtedness upon all questions affecting the title to the judgment-debtor's property. (*Candee* v. *Lord*, 2 N. Y., 269; *Burgess* v. *Simonson*, 45 id., 225.) The sheriff, as regards the property in question, not being a *bona fide* purchaser for value, stood in no better position than Cummings would have stood, had he been the defendant, and in no better position than the plaintiffs in the several executions. The judgments also tended to establish the falsity of the representations made to the plaintiffs at the time of the purchase of the goods, and were also pregnant evidence on the question of whether the goods were purchased by Cummings with a fraudulent and preconceived design not to pay for them, and as showing the fact of the insolvency of Cummings when the purchases were made. It is enough that they were admissible for any purpose. The objection of the defendant was only to the competency and materiality of the judgment-rolls. The court was not asked to define the purposes for which the judgments were admissible in evidence, or to restrict the effect of them as evidence in any manner.

Cummings, a witness for the defendant, being under cross-examination, said: "I swore on my direct examination that I never made any representations as to how much property I was worth, and that my credit was perfectly good before the time I bought of these parties—that was true." Thereupon the counsel for the plaintiff immediately produced a letter written by the witness to Childs, Smith & Co., under date of July 12th, 1875, and having exhibited the same to the witness, who acknowledged that it was in his handwriting, offered to read the same in evidence. The letter contained a statement that he (Cummings) was "worth from six to seven thousand dollars." The counsel for the defendant objected to the reading of the said letter in evidence, on the ground that it was "inadmissable and improper evidence." The letter contradicted the statement that had just been made by the witness. The counsel for the defendant now claims that the

attention of the witness should have been called to the contents of the letter, etc., under the rule that evidence of inconsistent declarations is not admissible, unless while the witness is on the stand his attention is called to the time and place, when and where, and the person to whom such inconsistent declarations were made.

The case states that the letter was exhibited to the witness previous to the offer of the same in evidence, so that *prima facie* it appears that the attention of the witness was called to the time and place, when and where, and the persons to whom the alleged inconsistent declarations had been made, and he could then have made any statement in explanation of such inconsistent declarations which he desired to do; besides which, the form of the objection did not suggest or call the attention of the court to any such objection as is now made in regard to the preliminary forms, which it is claimed were necessary to be observed before the letter could be read in evidence.

The same form of objection was taken to the introduction of the several letters of Cummings to the plaintiffs, introduced from time to time in his further cross-examination, contradicting the statements by him, at the time, made as a witness, and the same answer to the exceptions applies.

The plaintiffs commenced this action on the 3d of August, 1876, and on the 5th day of August, 1876, Cummings made a general assignment for the benefit of creditors to one Wiley Allen, whom the evidence tended to show was in complicity with Cummings in the attempt to defraud creditors, and this assignment was offered in evidence by the plaintiffs, and the defendant's counsel objected to the admission thereof as "immaterial and irrelevant," and the counsel for the defendant now objects to the proof of the assignment on the ground that it was the act of Cummings after the rights of the parties had become fixed, and that no act of Cummings after the commencement of the action could affect the rights of the defendant.

We think the testimony was most material and relevant. It tended to show the insolvency of Cummings, and was evidence on the question of the *quo animo* with which he made the purchase of the goods from the plaintiffs, and is evidence almost invariably

given upon the question of the intent with which a party purchased goods, when that intent is challenged as fraudulent.

The sheriff represented other creditors of Cummings. The fraud, if any, was committed in the purchase of the goods, and all the circumstances of the conduct of the defendant, both before and after the purchase, which may aid in throwing any light upon the design with which he made the representations, or his intentions at the time of purchasing the goods, are admissible in evidence, in behalf of one seeking to avoid the purchase as fraudulent, without reference to who is the defendant on the record.

We think the court was justified in refusing to take from the consideration of the jury the evidence of Bridge, who was a traveling agent for Powers, Gaston & Co., and to whom Cummings had, about the same time when it was claimed he had made the fraudulent representations to the agents of the plaintiffs, made similar representations in order to effect a purchase of similar goods from Powers, Gaston & Co.

Bridge, it was shown, relied upon the false statements made to him, and Powers, Gaston & Co. sent the goods on the recommendation of Bridge. It was not necessary to prove by one of the firm of Powers, Gaston & Co. that they sold the goods, relying upon the representations made by Cummings to Bridge.

Cotemporaneous frauds are admissible in evidence on the question of the intent. (*Cary* v. *Hotailing*, 1 Hill, 311; *Miller* v. *Barber*, 66 N. Y., 568.)

In the case of Powers, Gaston & Co., the fraud was consummated by the representations to the agent, relied on by him, and the goods ordered by him from his principal; but, to us, it seems of no consequence whether, in the case of cotemporaneous frauds, the attempted fraud was successful or not. The same principle upon which the evidence of cotemporaneous frauds is admitted, as bearing on the intent of the party in committing the fraud principally in question, would lead to the admission of evidence of an attempt to commit a similar fraud, at about the same time, by similar means, whether successful or not.

Nor is it necessary, in order to constitute such a fraud by false representations as will avoid the contract of sale, that the sale should have been made *solely* in reliance upon the representations

proved to have been false. (*People* v. *Haynes*, 11 Wend., 557; *People* v. *Herrick*, 13 id., 87; *Morgan* v. *Skiddy*, 62 N. Y., 319; *Hubbard* v. *Briggs*, 31 id., 518.)

True, the judgment of the Supreme Court, in *The People* v. *Haynes* (*supra*), was reversed in the Court for the Correction of Errors, but the reversal was solely upon the ground that the title had passed before the representations were made, the Court for the Correction of Errors expressly declining to pass upon the other questions presented by the bill of exceptions. There was no objection made, on the trial, that such notes as Cummings had given to the plaintiffs had not been tendered back to him; they were produced and read in evidence on the trial; and, in the absence of any objection on that ground, it is to be presumed that the contract of sale was sufficiently rescinded.

The defendant proved that the plaintiffs had, after this suit was commenced, commenced a suit against Cummings in what would formerly have been known as an action on the case for deceit, in which the purchase of the goods was alleged to have been made by means of false and fraudulent pretenses, and damages were claimed.

The commencement of the suit, which had not proceeded to judgment, could not be available as a defense to this suit. It was commenced after this suit and after the cause of action in this suit had accrued.

But that action did not proceed on the ground of affirming the contract of sale, but was in disaffirmance thereof. (*Miller* v. *Barber*, 66 N. Y., 558; *Hubbell* v. *Meigs*, 50 id., 487; *Lexow* v. *Julien*, 1st Dept., 6 Weekly Dig., No. 22, p. 508.) We see no reason why a vendor, having disaffirmed the sale, may not reclaim such of the goods sold as are within his reach; and, when some have been placed beyond his reach, sue the vendee in an action to recover damages for the fraud.

The judgment should be affirmed.

Present — TALCOTT, P. J., and SMITH, J.; HARDIN, J., not sitting.

Judgment and order affirmed.