DANIEL McPARLAND, Appellant, *v.* DUDLEY W. BAIN, HENRY W. MILLER and SAMUEL F. PRENTISS, as Receiver, etc., Respondents.

*Recovery of a judgment by a creditor against his debtor — if fraudulently recovered, it does not bind the other creditors of such debtor — Evidence — when it may be shown that a defense pleaded, was not in fact passed upon in another action.*

One Bain recovered a judgment against a corporation, upon an offer made by its attorney, as provided for in the Code, and thereafter assigned the same to the defendant Miller, who thereafter brought an action thereon against the corporation and procured a judgment therein, sequestrating its property and appointing a receiver. Some two years after Bain recovered his judgment a motion, made in behalf of the corporation to set aside the judgment as fraudulent and collusive, was denied, and in the action brought by Miller, the same fraud and collusion were set up as a defense in the answer served by the corporation.

This action was brought by the plaintiff, who had recovered a judgment against the corporation, upon which an execution had been issued and returned unsatisfied, to set aside the judgments so recovered by Bain and Miller, on the ground that they were obtained by fraud and collusion, and that nothing was due from the corporation to Bain, and that Miller took his judgment as a collateral security to an existing claim that he had against Bain, knowing it had been fraudulently obtained.

*Held,* that the recovery of the former judgments and the denial of the motion to vacate the first one, did not estop the plaintiffs from proving that they were obtained by fraud and collusion.

*Held,* further, that the plaintiffs should have been allowed to prove that the question of fraud and collusion, though set up in the answer, was not in fact litigated or passed upon in the action brought by Miller upon the Bain judgment.

Appeal from a judgment in favor of the defendants, entered upon a trial had at a Special Term, and from an order granting an additional allowance.

*W. B. T. Milliken,* for the appellant.

*E. Sprout,* for the respondents.

Davis, P. J.:

This action was brought by the appellant, Daniel McParland, a judgment creditor of a corporation known as the Illuminated Tile

Company one of the defendants in the action, to set aside as fraudulent a judgment recovered against the said corporation by the respondent Dudley W. Bain, and by him assigned to the respondent Henry Miller; and also to set aside a judgment recovered in an action brought by said Miller against the said corporation, based upon the judgment so assigned to him, which sequestrated the property of the said corporation, and appointed the respondent, Samuel F. Prentiss, a receiver of the said corporation. The appellant's judgment was recovered in an action in the Marine Court. It was duly docketed, and an execution issued thereon had been returned wholly unsatisfied. The judgment in favor of Bain was recovered in this court by confession, an officer of the corporation having directed an attorney to appear and offer judgment under the provisions of the Code, which offer was accepted and judgment entered thereon.

The appellant alleges in his complaint that " Bain, for. the purpose of defrauding the plaintiff and other creditors of said corporation, and preventing him and them from collecting his and their claims and demands against said company, by wrongful and fraudulent collusion with some of the officers thereof, or by deception practiced upon them, and for the purpose of fraudulently acquiring the control of the assets and property of said company, fraudulently obtained his said judgment, and that at the time of the recovery of said judgment by the defendant Bain, there was, and still is, nothing whatever due to him from said company."

He also alleges that Bain assigned his judgment to Miller as security for the sum of about $500, and upon no other consideration, and that Miller received the assignment with knowledge that the judgment was fraudulently obtained, and he alleges also that the property of the corporation was insufficient to pay its debts and liabilities in full, and that if the judgment recovered by Bain is enforced against the same, that the other creditors of the corporation will not receive more than ten per cent of their claims. These allegations were put in issue by the answers, and it was alleged also as a bar to the action of the appellant, that subsequently to the recovery of the judgment by Bain, and upwards of two years afterwards, a motion was made in the Supreme Court by the corporation, or on its behalf, to set aside the judgment recovered by Bain and assigned to Miller,

on the ground that it was recovered by fraudulent collusion and deception, and that such motion was contested and finally denied by the court. It was alleged also in bar to the action that in the suit brought by Miller to enforce the judgment and to sequestrate for that purpose the effects of the corporation, the alleged fraud and deception in obtaining the same was set up by the corporation in its answer as a defense, and that upon the trial of the action judgment was rendered by the court granting the relief prayed for by Miller.

When this case came down to trial, upon the opening of the case by plaintiff's counsel, the defendant's counsel moved that the complaint be dismissed on the ground that the facts therein stated did not constitute a cause of action against either of the said defendants. The plaintiff's counsel then moved for judgment against all the defendants on the ground that the facts stated in their answer did not constitute a defense, which latter motion was denied by the court and an exception duly taken. Thereupon the court directed "that the issue raised as to the matter in bar set up by the answer be first tried, it being assumed and conceded for the purpose of such ruling that all the facts and allegations set forth in the complaint which are denied by the answers are, and are to be taken herein as true." The proceedings on the motion of the corporation to set aside the judgment and the decision of the court thereon denying the motion, and the subsequent proceedings on the appeal from such order of denial to the General Term affirming the order, were then put in evidence. The judgment roll in the action brought by Miller, as assignee of the judgment recovered by Bain, containing the complaint and the answer of the corporation which set up the fraudulent recovery of the judgment and the findings of the court (which did not however pass upon the question of fraud in the recovery of the judgment), and the judgment of the court sequestrating the property of the corporation and appointing the defendant Prentiss as receiver of its property, were also put in evidence. The appellant then offered to prove that on the trial of the issue in this action all evidence in regard to the fraud alleged in the answer was ruled out by the court. This offer was excluded and an exception was duly taken. The appellant was not a party to either the motion or the action, and had no notice of either.

Upon this evidence the court below found the existence of the corporation as alleged in the complaint; the recovery of the judgment and the docketing of the same; the issuing of execution and return thereof; the recovery of the judgment by Bain against the corporation for the sum of $12,931.53; the docketing thereof; the issuing of execution and its return; the assignment of the judgment by Bain to Miller; the bringing of the action against the corporation in this court in the county of Kings; the recovery of the judgment and the appointment of Prentiss as receiver, and that he qualified and entered upon his duties; that the corporation set up in that action in their answer substantially the fraud alleged in the complaint in this action; that the plaintiff in this action was not a party to that action, and that there is no proof that he had notice thereof; that a motion was made in this court by the Illuminating Tile Company and one William J. Nichols to set aside the judgment obtained by Bain, which motion was denied and on appeal to the general term the order denying the motion was affirmed; that the plaintiff in this action was not a party to the said motion or appeal, and that there was no evidence that he had any knowledge thereof; and, lastly, that for the purposes of the trial of this action it is assumed and conceded that the plaintiff can prove all the allegations in his complaint denied by the defendants in their answer; whereupon the court found and decided as matters of law that the complaint should be dismissed, with costs.

The case was disposed of altogether upon a question of estoppel. It was held in effect by the Special Term that the judgment recovered by Bain against the corporation was conclusive evidence against the appellant, of the relation of debtor and creditor between Bain and the corporation, and that the question whether such recovery was collusive and fraudulent or not, was conclusively disposed of against the appellant, by the judgment recovered by Miller, the assignee, in which the receiver was appointed, whether the issue of fraud then set up in its answer by the corporation was in fact tried or not. This was in substance holding that the appellant in this action was representatively a party to these proceedings, although not in fact so, and although he was not shown to have any notice of their pendency.

We are of opinion that the learned judge carried the doctrine of

estoppel beyond its legitimate bounds. In *Candee* v. *Lord* (2 N. Y., 269) the Court of Appeals held that a judgment obtained without fraud or collusion is conclusive evidence in suits between creditors in relation to the property of the debtor, the indebtedness of the latter and the amount of such indebtedness. And GARDINER, J., in delivering the opinion of the court, laid down the following rules, in which it appears the concurrence of the court was unanimous: " A debtor may be said to sustain two distinct relations to his property; that of owner and *quasi* trustee for his creditors. As owner he may contract debts to be satisfied out of his property, confess judgments, create liens upon it, sell or give it to others at pleasure; and so far as he is personally concerned will be bound by his own acts. But the law lays upon him an obligation to pay his debts, and holds him in behalf of his creditors to the exercise of good faith in all transactions relating to the fund upon which they must depend for payment. He can, therefore, neither create a debt, or do any of the things above mentioned, *mala fide* to their prejudice. The common law, of which the English statute and our own is but the exposition, declares that every such debt, judgment or assurance, contracted or given with the intent to hinder, delay or defraud his creditors, as against them, to be void. And equity in many cases holds the debtor and his confederates in the fraud as trustees for the parties aggrieved. The rights of creditors to the property of the debtor are to be worked out through the different relations to which I have alluded."

" In creating debts or establishing the relation of debtor and creditor, the debtor is accountable to no one, unless he acts *mala fide*. A judgment, therefore, obtained against the latter without collusion, is conclusive evidence of the relation of debtor and creditor against others, first, because it is conclusive between the parties to the record, who, in the given case, have the exclusive right to establish it; and second, because the claims of other creditors upon the debtor's property are through him, and subject to all previous liens, preferences or conveyances made by him in good faith. Any deed, judgment or assurance of the debtor, so far at least as they conclude him, must estop his creditors and all others. Consequently, neither a creditor nor stranger can interfere in the *bona fide* litigation of the debtor, or retry his cause for him, or question the effect of the

judgment as a legal claim upon his estate. A creditor's right, in a word, to impeach the act of his debtor, does not arise until the latter has violated the tacit condition annexed to the debt, that he has done and will do nothing to defraud his creditors."

"Where, however, *fraud is established*, the creditor does not claim *through* the debtor, but adversely to him, and by a title paramount, which overreaches and annuls the fraudulent conveyance or judgment by which the latter himself would be estopped."

These rules distinctly recognize in its full vigor the exception to the general doctrine of estoppel upon which the plaintiff in this case seeks to stand, and they only establish " that a judgment obtained without fraud or collusion, and which concludes the debtor, whether rendered upon default, confession or after contestation, is, upon all questions affecting the title to his property, conclusive evidence against his creditors to establish, first, the relation of creditor and debtor between the parties to the record; and second, the amount of the indebtedness." (Per Gardiner, J.) And the learned judge in another part of his opinion proceeds to say: "If, however, as the bill alleges, their judgment was fraudulent, the complainant, as a creditor, can repudiate it and claim the property as that of his debtor, his acts to the contrary notwithstanding, and hold his confederates in the fraud accountable as trustees for his benefit."

Applying these rules to the case in hand, there would seem to be no difficulty in holding that the appellant could attack for fraud the judgment recovered by Bain, whether held in his own hands or by his assignee. For the purpose of determining the question in this case, it stands conceded that the judgment was obtained by collusion between Bain and the officers of the company, and that in fact there was no indebtedness of the corporation to Bain at the time of its recovery. Upon these facts, if there had been no subsequent proceedings, it would seem very clear that the appellant could maintain this action. Have those proceedings affected or impaired that right? The appellant was not a party to them, nor did he have any notice of their pendency. He is not, therefore, estopped upon their face as matter of record. (*Frost* v. *Koon*, 30 N. Y., 428; *Demarest* v. *Darg*, 32 id., 281.) And the question presented is, whether the result of the subsequent efforts of the corporation or Nichols to

assert the fraud as a ground for setting aside the judgment, are conclusive upon the appellant as a creditor of the corporation.

If any such effect would follow from the judgment in the action, he certainly ought to have been at liberty to show that the question of fraud was in fact not contested. It was pleaded, but his offer was to show that when the evidence of fraud was sought to be produced, the court, by its rulings, excluded it as no defense in that action. Since he was not a party to that suit and had no right by appeal to review the ruling of the court, there seems to us to be no sound reason why he should not have been permitted to prove that in point of fact there was no trial and determination of the question of fraud then set up in the answer.

In *Lawrence* v. *Hunt* (10 Wend., 81) it was held that if it does not appear from the record that the verdict and judgment in the former suit were directly upon the point or matters which are attempted to be again litigated in the second action, the fact may be shown *aliunde*, provided the pleadings in the first suit were such as to justify the evidence of those matters, and that it also appeared that when proved the verdict or judgment must necessarily involve their consideration and determination by the jury.

If the fact that the litigation did embrace the question may be proved *aliunde*, there is certainly no good reason why it may not be shown *aliunde* that in truth the question was not at all litigated, when under the pleadings it might have been.

This is not, however, a controlling question in the case, because we are of opinion that the adjudications upon the motion and in the action did not operate to preclude the appellant from asserting the fraud in the judgment recovered by Bain. A subsequent litigation to enforce that judgment by Bain or his assignee Miller, whether the corporation sought to resist it or not, cannot, under the principle announced by the Court of Appeals in the case of *Candee* v. *Lord* (*supra*), establish the validity of a judgment, which, as against the creditors of the corporation was fraudulent and void. Such a rule would only require the parties to a fraud to take another step between themselves, to shut out all inquiry in respect to the fraud they had committed. The receiver stands in respect to this question in no better condition than the parties who seek to enforce the judgment. He probably could not contest the validity

of the judgment under which he was appointed, but there is nothing in the nature of his office, nor in his relations to the judgment or to the property of the corporation, that prevents his being treated as a trustee solely for *bona fide* creditors.

Therefore, when it is shown, as was attempted in this action, that a claim, asserted as an indebtedness owing by the corporation is in fact fraudulent and void as against its *bona fide* creditors, his duty is to administer the assets in such manner that the fraudulent indebtedness will have no share in their distribution, for he is trustee for *bona fide* creditors only.

The question whether he was properly a party to the action, for want of proof of leave to prosecute him having been obtained, is not material upon this appeal. That question was not raised below; and if it had been might have been easily met by producing an order of leave already given, or by one granted *nunc pro tunc*, if necessary; or the court could have properly held, at that stage of the case, that his appearance and admission by answering, without making the objection to the regularity of the suit, was a waiver, so far as he was concerned, of the usual rule in such cases. The rule requiring leave to sue a receiver is not statutory, and is in no sense elementary to the action itself. To sue without leave is a contempt of court, but the court will not dismiss a complaint in such a case as a matter of course.

We are of opinion that the judgment was erroneous and must be reversed and a new trial granted, with costs to the appellant to abide the event.

This result disposes of the appeal from the order granting the allowance, and we need make no further disposition of that appeal.

BRADY and DANIELS, JJ., concurred.

Judgment reversed, new trial granted, costs to appellant to abide event.