Andrews, Ch. J.
The right of the plaintiff to the possession-
of the seventy cars sought to be recovered in this action was resisted by the defendant, as receiver of the Rochester, Hornellsville and Lackawanna railroad, on the ground, first, that the plaintiff, as the assignee of Post, Martin & Co., had never acquired the right of possession as against the Central Construction Company, assuming that that company purchased and was vested with the-title to the cars when they were delivered to the Lackawanna and Pittsburgh Railroad Co., October 11, 1886, and, second, that the Central Construction Company purchased the cars for the Rochester, Hornellsville and Lackawanna Railroad Co., and that the-title was in that company when the contracts between Post, Martin & Co. and the Central Construction Company of October 16, 1886» under which the plaintiff claims, were made, and that Post, Martirt & Co. acquired no rights thereunder as against the Rochester, Hornellsville and Lackawanna Railroad Co. The referee found against the defendant on the question of title, and found as a fact, that the cars were purchased by the Central. Construction Company, and were owned by that company October 16, 1886. If this finding is supported by the evidence, it is conclusive on this, appeal. The documentary evidence shows a purchase of the cars by the Central Construction Company. A written contract of June 25,1886, the firm of Colwell and Canning agreed to sell and deliver to the Construction Company in August and September of that year the seventy cars at prices specified, to be paid for in-cash and in bonds and" stock of the Eochester, Hornellsville and Lackawanna Eailroad, Co. The payments were made by the Construction Company according to the terms of the contract, as ap *361 pears by the writen receipts given in evidence, the last payment, having been made October 1st, 1886. The cars were delivered on the 11th day of October 1886, by the direction of the Construction Company, on the tracks of the Lackawanna and Pittsburgh Railroad Co., at Angelica, of which latter road one George D. Chapman was in possession as receiver, he at the same time being the general manager of the Construction Company, and also-a director in the Rochester, Hornellsville and Lackawanna Railroad Co. The company last mentioned was organized to build & short line of road connecting with the Lackawanna and Pittsburgh railroad, the construction of which had not at that time been commenced. The Construction Company had entered into a contract, with the former company to build and equip the road and to receive the bonds and stock of the road in payment. There is no-finding and no direct proof that the cars prior to October 16,1886, had been delivered to the Rochester, Hornellsville and Lackawanna Railroad Company. The defendant proved circumstances which might have justified the inference that in purchasing the cars the Construction Company was acting as agent for the railroad company. There were mainly paid for in the bond and stock of the company, which inferentially the Construction Company had received under its contract to build and equip the road. The freight charges on the cars from Pennsylvania to Angelica "were paid by the Rochester, Hornellsville -and Lackawanna Railroad Co. and an account was kept by the Lackawanna and Pittsburgh Railroad Co. in which the other company was credited. for the use of the cars prior to the completion of its road. The-cars were marked with the initials, R. H. & L. R. R. Co. Other circumstances were shown on the part of the defendant in support of the claim that the cars were manufactured for and belonged to the Rochester, Hornellsville and Lackawanna Railroad-Co. But upon the whole evidence the question of title as between the Construction Company and the railroad company was m question of fact, not determinable by any decisive evidence on either side, and the decision of the referee upon the point is conclusive here.
It only remains to consider whether any erroneous evidence-was admitted on the trial against the exception of the defendant, or any competent evidence offered by him was rejected to his prejudice. There is but one question on this branch, of the case requiring special notice, and this bears exclusively on the point whether the plaintiff showed any right to maintain an action to-recover possession, assuming that the title to the cars was in the Construction Company October 16, 1886, when the contracts between the company and Post, Martin & Co. were made. The claim was that even if the defendant company did not own the cars and were not entitled to possession as against the true owners, the present plaintiff as the assignee of Post, Martin & Co. did not represent the possessory right of the Construction Company. It appears _that October 16, 1886, Post, Martin & Co. loaned the Construction Company $15,000 on the security of the? *362 seventy cars, without notice of any claim thereto adverse to that of the Construction Company. Under advise of counsel the Construction "Company transferred the seventy cars to Post, Martin & Co. by a bill of sale absolute in form." The firm then executed to the Construction Company a lease of the cars, reserving rent payable in installments, which when fully paid would repay the loan and interest, and meanwhile and until default the Construction Company was entitled to the use and possession of the cars. Subsequently Post, Martin & Co. assigned their rights under the contracts to the American Car and Equipment Company, the predecessor of i the present plaintiff. Default having been made by the Construction Company in the payments of the rents reserved, the Car and Equipment Company brought an action of replevin against the Construction Company to recover the possession of the ears, based on the contracts of October 16, 1886, and recovered judgment therein prior to, the commencement of the present action, whereby the title and possession was adjudged to be in the plaintiff in that action, the Car and Equipment Company. This judgment was offered in evidence by the plaintiff on the trial of the present action and received against the objection of the defendant, and this is alleged to have been error on the ground that the Rochester, Hornellsville and Lackawanna Railroad Company was not a party to the former action and was not bound by the judgment therein. The circumstances under which the judgment was offered and received were these: The plaintiff having put in evidence the bill of sale to Post, Martin & Co., and the lease back to the Construction Company, the defendant’s counsel moved to dismiss the complaint on the ground, among others, that it appeared from the evidence ‘ now offered, that the plaintiff is not entitled to the possession of the property.’ The plaintiff then -offered in evidence the judgment roll in the former action, under objection and exception. We think the judgment roll was competent evidence to establish that the plaintiff had extinguished the right of possession of "the Construction Company under the lease of October 16, 1886, and that as against that company it Lad the right of possession of the cars. The general and well-settled rule that a judgment binds only parties and privies is unquestioned. But there is an exception to this rule as firmly set-led as the rule itself, and that is that a former j udgment estabishing rights and relations between the parties to that judgment, while it is never admissible to defeat or divest any right existing in a person not a party or privy thereto, is admissible against such person for the purpose of proving that the plaintiff in the former judgment sustained to the defendant therein the relation established thereby, and was clothed with whatever right the defendant therein had which was awarded to the plaintiff by the judgment, saving only the right"of the third person to impeach the former judgment for fraud or collusion. In the present case the controversy arose as to the title and right of possession of the seventy cars. The former judgment could not determine as between these parties that the title was in the Construction Company when the agreement of October 16, 1886, .was made, but it was competent *363 evidence that the plaintiff in that judgment, and by force thereof extinguished any right of the'Construction Company under the, lease, and had acquired as against that company any right it had to the possession of the cars. It in no way determined the claim of the defendant here that the road he represents had a title prior to, and paramount to the alleged title of the Construction Company. The real right in issue in this case was not affected by the former judgment. It did determine, however, as between these parties that the plaintiff stood in the shoes of the Construction Company to assert whatever title and right of possession it had as against the defendant. The judgment may incidentally affect the situation of the defendant to raise in this action a technical defense, not founded upon any right of property vested in him, but it was not for this reason incompetent. There are many cases where a former judgment is admissible against third persons not parties or privies. It may form a link in a chain of title and be the foundation of a subsequent conveyance. The party claiming under the judgment may prove it as one of the muniments of his estate. In a creditor’s bill the judgment received by the plaintiff is conclusive against the party whose conveyance is sought to be set aside for fraud of the existence and amount of the plaintiff’s debt, and the defendant is not permitted to impeach it for error of fact or law in the absence of fraud or collusion. The former judgment in this case operated as a transfer from the Construction Company to the Car and Equipment Company of all its rights, and has the same force as if it had been made by an instrument in form executed by the Construction Company to the plaintiff in the judgment. Barrr v. Gratz, 4 Wheat 213; Candee v. Lord, 2 N. Y. 269; Raymond v. Richmond, 78 id. 351; Canaan v. Greenwoods Turnpike Co., 1 Conn. 1; Black on Judg. § 607 ; Bigelow on Estp. et seq.
The case of Hassall v. Wilcox, 130 U. S. 493, illustrates the distinction in the cases. In that case the question was one of priority of liens. One party relied upon the judgment of a state court adjudging him priority of lien over all other claims on the property and equipment of a railroa<jl in an action to which the holder of a prior mortgage was not a party, and it was held that as against the mortgagee and bondholders the judgment of the state court adjudging the priority of lien was not binding.
We perceive no legal ground for disturbing the judgment below, and it should, therefore, be affirmed, with costs.
All concur, except Haight, J., not sitting.
Judgment affirmed.