(19 Misc. Rep. 440.)

## LEDOUX v. EAST RIVER SILK CO. et al.

(Supreme Court, Special Term, New York County. February, 1897.)

1. CHATTEL MORTGAGES—FAILURE TO FILE—CREDITOR OF MORTGAGOR.
    Failure to file a chattel mortgage renders it void as to creditors of the mortgagor (Laws 1833, c. 279), though the mortgage was given and received in good faith, to secure a loan which did not add to amount of the obligation of the mortgagor.
2. JUDGMENT—COLLATERAL ATTACK—ATTACHMENT.
    The granting of attachment is an adjudication of indebtedness, which cannot be collaterally attacked.

Action by Albert R. Ledoux against the East River Silk Company and others to foreclose a mortgage. Complaint dismissed.

John Sabine Smith, for plaintiff.

Stern & Rushmore, for defendants Bank of America and Doht, sheriff.

RUSSELL, J. The plaintiff claims the right to foreclose a chattel mortgage given by the insolvent East River Silk Company November 20, 1894, to secure the payment of $20,000 and interest at the rate of 10 per cent. The mortgage was given upon machinery, tools, and fixtures of the silk company at Astoria, Long Island. At the request of the mortgagor, and by consenting delay of the mortgagee, the mortgage was not filed until June 14, 1895. On the morning of the 13th of June, 1895, at 8:30 a. m., the defendant the Bank of America delivered an attachment issued against the silk company to the sheriff of Queens county; and at 9 o'clock on the morning of the same day the defendant the National Union Bank delivered an attachment to the sheriff of Queens county against the silk company. A levy was made upon the property covered by the chattel mortgage, by the sheriff of Queens county, at 9:45 on the morning of the 13th of June, 1895. On the same 13th of June, at 11 o'clock in the morning, the defendants Green and Day were appointed receivers of the silk company in New Jersey, it being a New Jersey corporation; and on the same day, at 4 o'clock in the afternoon, the same receivers were appointed by the supreme court in this state. By agreement of the parties claiming the property covered by the mortgage, such property has been sold, and the proceeds deposited with the United States Trust Company, subject to the liens of the parties claiming

the fund. The chattel mortgage to the plaintiff was given and received by him in good faith, to secure a loan which did not add to the amount of the obligations owing by the silk company. But the omission to file the chattel mortgage would not work so much harm in sustaining an apparent credit because of the hidden evidence of indebtedness as it would in keeping secret the fact that a manufacturing corporation was reduced to such straits as to be compelled to place a chattel mortgage upon its working plant. Such a fact, if known, would inevitably tend to destroy the credit of the company, and to induce the creditors having claims to be diligent in their efforts to collect. The plaintiff himself, by his consent to the delay in the filing of the mortgage, recognized the reasonableness and force of the fear of the company as to the effect of filing upon its credit. The theory of the law is that he cannot preserve in force a secret lien upon the personal property of the defendant as against those giving credit or extensions to the company upon the faith of its general standing and supposed ownership of its personal property, free from incumbrance. The statute, therefore, requiring the filing of chattel mortgages to preserve them in force as against the claims of creditors, was designed to meet just such a case as the present. Antecedent creditors have priority against a mortgage not filed where there has been a delay of even six weeks, although the judgments were obtained by creditors after the filing was actually made. Karst v. Gane, 136 N. Y. 316, 32 N. E. 1073; Yenni v. McNamee, 45 N. Y. 615. The mortgage is void as to such creditors, although the mortgagee reduces the property to possession, and sells it prior to any attachment or execution lien of the creditor. Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11.

The claim of the plaintiff that there is no valid proof of indebtedness of the company to the attaching creditors cannot be sustained. The granting of the attachment itself, though ex parte, is an adjudication of indebtedness, and cannot, in a struggle for priority of liens, be attacked collaterally. People v. Van Buren, 136 N. Y. 252, 32 N. E. 775; Hall v. Stryker, 27 N. Y. 596. The judgments, though obtained subsequent to the commencement of this action, are, in the absence of fraud or collusion, conclusive evidence of the indebtedness of the silk company to the banks. Equipment Co. v. Blair, 145 N. Y. 607, 610, 39 N. E. 962; Candee v. Lord, 2 N. Y. 269. The levy made by the sheriff was sufficient to make him a trespasser in case his authority to levy had been insufficient. Roth v. Wells, 29 N. Y. 471, 485. There is no evidence to justify a finding that that levy became dormant. If it had, I do not see how it could restore the validity of a mortgage which was absolutely void as against the creditors, so as to permit in this action the extinguishment of their rights. The claim of the plaintiff's counsel that because a real-estate mortgage may be held to be superior in point of time to the liens of judgment creditors, where it was given in pursuance of a legal obligation to give such mortgage accruing prior to the lien of the creditors (Spring v. Short, 90 N. Y. 538), the same rule should apply to the case of a chattel mortgage, cannot be successfully maintained. There

is no statute making the failure to file real-estate mortgages void as to creditors, and the reasons for the distinction are obvious.

Nor do I see how the plaintiff would be helped greatly if he had the right to attack the existence of the indebtedness to the Bank of America. The fund in question is insufficient to pay the claims of either of the banks; and, if the attachment and judgment of the Bank of America does not absorb legally the fund remaining, that fund would simply drop into the claim of the National Union Bank; and, if the claims of both banks were open to contest, the receivers would take. No contest is here had between the three defendant claimants, and the only contention arises between their claims and that of the plaintiff. In any view which I can take of this case, the plaintiff has no right to a judgment extinguishing the claims of the defendants to the personal property covered by the mortgage for the substituted fund; and therefore, as to all the defendants except the silk company, judgment must be rendered dismissing the complaint, with costs.

Complaint dismissed, with costs.