CALEB A. BURGESS, Respondent, *v.* THOMAS H. SIMONSON AND OTHERS, Appellants.

It is the right and duty of the General Term of the Supreme Court, on appeal to it, in the proper mode, to determine, upon an examination of all the evidence, whether the controverted facts have been correctly found, but where evidence is given, showing some material thing to be probably true, and the fact is so found, in this court it must be assumed to have been correctly found, irrespective of all rebutting evidence of however great strength or weight.

In an action to set aside a conveyance of real estate, as fraudulent, brought by the judgment creditor of the grantor against the grantee, the judgment is conclusive evidence of the debt against such grantee, although his grant is prior to the judgment and testimony to disprove the existence of such a debt by him is inadmissible.

Upon the bringing i~ . ~endant, pending the trial, a stipulation that the testimo~ the case, may stand as against the new party, "s~ ~ as to its admissibility," secures to him the be~ ~s have been already taken, and such as h~ ~ing the trial.

(Argued March 20th, and decided March 28th, 1871.)

APPEAL from a judgment of the Supreme Court in the late Second judicial district, affirming a judgment for the plaintiff on the report of a referee. The action was brought to set aside a conveyance of certain real estate in Brooklyn, by Thomas H. Simonson to Miriam Simonson, on the second of

November, 1857, as fraudulent against the creditors of Thomas.

For some time prior to November, 1857, the defendant Thomas H. Simonson was the owner of certain real estate in the city of Brooklyn, consisting of houses and lots, and one unimproved lot. The houses were old, having been built, for the most part, prior to 1847. The property, at the time stated, was incumbered by mortgages to the amount of $29,000, and some $800 interest.

On the second day of November, 1857, Thomas H. Simonson was indebted to his sister Miriam Ann Simonson for $1,000, which had been loaned by her to him some years previously, and for which she held his promissory note, payable one day after date, and on which there was interest accrued.

This property was sold on that day to Miriam Ann by her brother, subject to the incumbrances, for the amount of such promissory note and interest due thereon. The interest of Thomas H. Simonson in the property was alone sold. His wife did not join in the conveyance, nor was there any release of her dower as an incident or consideration of the sale.

The referee finds the total consideration of this sale to be over $31,000.

The consideration of the conveyance, viz. : The promissory note of $1,000 and the interest due thereon, was surrendered up to Thomas H. Simonson by Miriam Ann at the time of the execution of the deed.

At the time of the conveyance, all the mortgages were due, and last one of $10,000 was about being foreclosed. Directions had already been given to commence the foreclosure proceedings.

The owner of the $10,000 mortgage, after a careful examination of the value of the property, and after full enquiries as to its value, was fearful of bringing his foreclosure proceedings to a sale, lest he should have to buy the property, and extended the time of the payment of his mortgage for a year, upon application on behalf of Miriam Ann Simonson,

and upon condition that the back interest on the other mortgages should be paid forthwith, and which was paid in a few days thereafter.

During all the year 1858, no sale of any portion of this property was effected, and none was made till February, 1859.

As the sales were subsequently made, the proceeds were applied to the interest on the mortgages and to the reduction of the principal.   The Dwight mortgage was paid in installments from sales of the property as they were made from time to time, and so also was the $8,000 mortgage, and the other one reduced to $5,000.

Thomas H. Simonson was embarrassed at the time of his conveyance.

The deed to Miriam was put on record in February, 1858. In 1861, the plaintiff commenced his action against Simonson & Gallup, and recovered judgment against that firm, of which Thomas H. Simonson was a member, March, 1862.   He brought this action to set Miriam's conveyance aside on the ground that the same was made to hinder and delay him in the collection of his debt, and introduced evidence tending to show that the property was worth from $38,000 to $40,000, if there was a clear title.

Miriam died before the trial, and, upon the application of the plaintiff, her heirs, except Charles Simonson, were substituted.   The trial then proceeded, and most of the testimony was taken, when it was discovered that Charles Simonson, one of the heirs of Miriam, had not been made a party, and he was brought in.   His counsel then stipulated that the evidence theretofore taken might be used against him, subject, however, to all legal exceptions to its admissibility.   Several of the objections to the testimony, taken before he was brought in, were argued by his counsel in this court, upon grounds not specified when the objections were taken.

Evidence was offered during the trial, on behalf of the heirs of Miriam, to show that the debt of the plaintiff had no existence; and this was excluded.

It was strongly urged, upon the part of the defendants — the referee having placed his findings upon the inadequacy of price — that there was not sufficient evidence to support this finding.

*Samuel Hand*, for the appellants.

*Amasa J. Parker*, for the respondent.

GROVER, J. The facts found by the referee fully sustain his legal conclusions. It is insisted by the counsel for the appellant that some of the material facts so found were not shown by any evidence, and hence a legal error was committed by the referee in so finding, which may be corrected by this court. If the counsel is correct in his premises, he is in his conclusion. The rule upon this subject has been so often stated that it is hardly necessary to reiterate it. That rule is that it is a legal error to find a material fact unsupported by any evidence, but that when such evidence is given, showing the probable truth of the fact, it must be assumed by this court to have been correctly found, irrespective of any rebutting evidence given by the opposite party, no matter what the weight of such rebutting evidence may be. · This results from the consideration that no appeal upon questions of fact can be taken to this court, only in certain excepted cases, within which the present does not come. An appeal both upon the law and fact may be taken to the General Term of the Supreme Court in the mode furnished by the Code, and hence it follows that that court has not only the power, but that it is its duty to determine whether the controverted fact was correctly found, by an examination of all the evidence. Applying to the present case the rule adopted by this court, it is impossible to conclude that the referee committed a legal error in finding any of the facts. That the grantor was in failing circumstances at the time of the conveyance was fully proved. That the grantee was aware of this fact was shown by her testimony taken upon the supplemental proceedings

against the grantor. That the conveyance was made upon an inadequate consideration was supported by the fact that all that was paid, or agreed to be paid, by the grantee was about eleven hundred dollars, which was paid by surrendering up to the grantor his note for that amount, which she had held for some years, for which she received a conveyance of real estate which, from testimony given by the plaintiff, the referee was authorized to find was worth forty thousand dollars, subject to incumbrances of about thirty thousand. That the witness may have been influenced in estimating the value of the real estate at the time of the conveyance by its subsequent rise, is entitled to no weight in this court. That the conveyance was made with intent to hinder, delay and defraud creditors, was an inference not only from the preceding facts, but was further sustained by the proof that the grantee was the sister of the grantor. That the grantor, subsequent to the conveyance, actively interposed in negotiating for an extension of a mortgage upon the real estate then due, and that the grantee, upon a subsequent sale of a parcel of the real estate, received in part payment therefor from the purchaser, a note of $2,000 held by him against the grantor and his former partner, which the evidence tended strongly to show was worthless. Several exceptions were taken by the appellant to the rulings of the referee as to the admissibility of evidence, but the grounds of objection were not specified so as to make the exceptions available. I have, however, examined them, and none to which exception was taken was erroneous. The testimony given by the grantor and grantee upon the supplemental proceedings against the former, was admissible against each, and to this extent only was it offered and received. The judgment recovered by the plaintiff against the grantor was conclusive evidence of his indebtedness in this action in the absence of any fraud, and therefore the evidence offered to controvert the existence of the debt was properly rejected. The statement of the grantor as to the amount of rents received, was competent evidence as to the value of the real estate as against him, and it was competent

for the witness, who had made an entry by his direction upon his books of such amount at the time of the statement, to testify from such entry. There was no objection made to his using a copy of such entry, made by him from the books, instead of the books themselves, and no question arises therefore in respect to this. The reservation made in the stipulation of Charles Simonson, upon his being substituted as a a party defendant, that the evidence previously taken should be received as to him, subject to all legal exceptions, secured to him the benefit of such exceptions only as had been taken thereto, and such as should be thereafter taken by him during the trial. The judgment appealed from must be affirmed with costs.

All the judges concurring except ALLEN, J., who did not sit.

Judgment affirmed.