SAMUEL C. BROOKS, Appellant, *v.* MICHAEL K. WILSON et. al., Respondents.

A judgment between parties to a conveyance or mortgage, affirming the validity of the deed or mortgage, whether obtained by default or upon litigation, especially where the exact issue whether or not it was a fraud upon creditors was not presented by the pleadings and decided, does not preclude a creditor, not a party to the action, from subsequently assailing the original transaction as a fraud upon his rights as a creditor of the grantor or mortgagor.

During the pendency of an action brought by H. against M., the latter conveyed certain premises, upon which there was a mortgage, to his brother G., who conveyed the same to the wife of M. These conveyances were without consideration. Before the second deed was recorded, G., at the request of M., executed a mortgage on the premises to C., which was delivered to M., and by him recorded. H. obtained judgment in his action. After the death of C., her administratrix brought an action to foreclose the mortgage. Neither H. nor plaintiff, to whom H. had assigned the judgment, were made parties. G. and the wife of M., who were made parties, answered alleging that the mortgage was executed without consideration, and was never delivered to the assignee. The trial court found that the two deeds were executed without consideration, and with intent to defraud the creditors of M., but that M. was indebted to C. at the date of the mortgage, and that he procured the execution of the

mortgage to secure such indebtedness, and a decree of foreclosure was granted. The premises were sold under a judgment in an action to foreclose a prior mortgage upon the premises existing at the time of the conveyance by M. In an action to determine the rights of the parties to surplus moneys, in which the plaintiff sought to assail the *bona fides* of the mortgage to C., *held*, that the judgment in the action to foreclose said mortgage was not an estoppel as against plaintiff.

*Candee* v. *Lord* (2 N. Y. 269); *Burgess* v. *Simonson* (45 id. 225); *Carpenter* v. *Osborn* (102 id. 552); *Decker* v. *Decker* (108 id. 128), distinguished.

*Brooks* v. *Wilson* (53 Hun, 173), reversed.

(Argued December 12, 1890; decided January 13, 1891.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made June 29, 1889, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

The controversy in this case was as to the right to surplus moneys derived under a foreclosure of certain first mortgages on lands in the city of Brooklyn, which on and prior to February 13, 1878, were owned by the defendant Michael K. Wilson, and whose title was subject to such mortgages.

The surplus moneys were deposited with the treasurer of Kings county to the credit of the foreclosure action, where they still remain. The plaintiff is the assignee of a judgment recovered by one Oscar Haake against Michael K. Wilson, January 7, 1880, for $1,323.81, in the Supreme Court in the city of New York, in an action commenced January 18, 1878, on a cause of action which arose prior to that date. A transcript of this judgment was duly filed in Kings county, and execution issued thereon to the sheriff of that county, which was returned unsatisfied. The validity of the judgment was not questioned. The plaintiff claims the surplus moneys upon this judgment.

The defendant Eliza A. Munoz is the administratrix of Elizabeth Jane Clay, and claims to have the surplus moneys applied upon a subsequent mortgage on the premises embraced in the foreclosure action, dated October 2, 1879, executed by George Wilson, the brother of said Michael, to Elizabeth

Jane Clay for the sum of $8,500, and recorded in Kings county, December 31, 1879. The record title of the premises was in George Wilson when the mortgage to Mrs. Clay was executed and recorded. They were conveyed to him by his brother Michael, February 13, 1878, a few weeks after the commencement of the Haake action and while that action was pending. But prior to the existence of the Clay mortgage, and on the 6th day of February, 1878, George Wilson, at the request of Michael, executed a deed of said premises to Eliza A. Wilson, the wife of Michael, but the deed was not recorded until October 14, 1881, nearly two years after the recording of the mortgage to Mrs. Clay. The Clay mortgage was executed by George Wilson at the request of Michael and was by him delivered to Michael, who placed it upon record. After the death of Mrs. Clay, and on or about the 10th of April, 1882, the defendant Eliza A. Munoz commenced an action to foreclose the mortgage to her intestate, making Michael K. Wilson, Eliza A. Wilson, his wife, George Wilson and others, defendants. But neither Haake, the judgment-creditor, nor the plaintiff, his assignee, were made parties. Michael K. Wilson did not appear in the action, but made default; Eliza A. Wilson, his wife, and George Wilson appeared and put in separate answers, in which they alleged in substance that the mortgage was without consideration and not founded upon any indebtedness and was never delivered to the mortgagee. The issues were tried and resulted in a judgment for the plaintiff and a decree of foreclosure. The trial judge found that the deeds from Michael K. Wilson to George Wilson, and from the latter to Eliza A. Wilson, were without consideration, and were made with intent to hinder, delay and defraud the creditors of Michael. But he found that Michael was indebted to Mrs. Clay at the date of the mortgage, and that Michael K. Wilson procured and induced the making, execution, delivery and record of said mortgage for the purpose of securing payment of his indebtedness to the mortgagee.

The case came on appeal to this court and the judgment was here affirmed. (111 N. Y. 295.)

In the present action the plaintiff sought to assail the *bona fides* of the mortgage to Mrs. Clay. The defendant Mrs. Munoz, her administratrix, set up in her answer the judgment in the action of foreclosure as an estoppel by record upon the question of the validity of the mortgage. The record was admitted in evidence by the trial judge. The judge found that the deed from Michael K. Wilson to George Wilson of February 13, 1878, was without consideration and made to defraud the creditors of Michael. But he refused to find that the mortgage to Mrs. Clay was without consideration or was fraudulent as to creditors of Michael, and affirmatively found that it was given to secure an indebtedness from him to the mortgagee, and awarded judgment that the mortgage was a valid and subsisting lien on the surplus moneys, superior to any claim of the plaintiff.

*A. W. Gleason* for appellant. The judgment in *Munoz* v. *Wilson* is not a bar. (*Bissell* v. *Kellogg*, 65 N. Y. 432; *Atlantic Dock* v. *Mayor, etc.*, 53 id. 64; *Goddard* v. *Benson*, 15 Abb. Pr. 191; *Moore* v. *City of Albany*, 98 id. 396; *Kane* v. *Cortesey*, 100 id. 132; *Leavitt* v. *Wolcott*, 95 id. 212; *Thompson* v. *McGreggor*, 81 id. 592; 111 id. 305; *Village of Port Jervis* v. *F. N. Bank*, 95 id. 550; *Durant* v. *Abendroth*, 97 id. 132.) Michael K. Wilson was a competent witness. (1 Wait's Pr. 184; *Wilson* v. *Munoz*, 6 Civ. Pro. Rep. 71; *Carpenter* v. *Soule*, 88 N. Y. 251; *Connelly* v. *O'Connor*, 117 id. 91; *Wilcox* v. *Corwin*, Id. 500; *Clark* v. *McNeal*, 114 id. 287; *Gourley* v. *Hamilton*, 41 Hun, 437; *Moore* v. *Oviatt*, 35 id. 216; *Witthans* v. *Schuaack*, 24 id. 328.) A mortgage in blank is void. (*Chauncey* v. *Arnold*, 24 N. Y. 330; Thomas on Mort. 36, 37; *Foster* v. *B. S. Co.*, 47 Barb. 505.) The judgment should have been given for plaintiff on the facts. (3 R. S. [7th ed.] 2195, § 139.)

*William T. Gilbert* for respondents. These findings are abundantly sustained. (*Munoz* v. *Wilson*, 111 N. Y. 295.) The General Term of the Supreme Court having reviewed

the facts and affirmed the judgment, the findings of the trial court are not open to review in this court. (*Quincy* v. *White*, 63 N. Y. 370; *Reynolds* v. *Robinson*, 82 id. 103; *Baldwin* v. *Doying*, 114 id. 456; *Healy* v. *Clark*, 120 id. 642; *Flack* v. *Village of Green Island*, 33 N. Y. S. R. 339.) The mortgage to Mrs. Clay is prior to the judgment recovered by Haake and assigned to the plaintiff, and the judgment in the action to foreclose that mortgage conclusively proves, as against Haake and all other creditors, whether by judgment or otherwise: (1) The existence and amount of indebtedness of Michael K. Wilson to Mrs. Clay. (2) The delivery of the mortgage given to secure that indebtedness. (3) The title of Mrs. Munoz to the surplus in question. (*Candee* v. *Lord*, 2 N. Y. 269, 275; *Hall* v. *Stryker*, 27 id. 596, 603; *Burgess* v. *Simonson*, 45 id. 225, 229; *Pray* v. *Hegeman*, 98 id. 351, 362; *Decker* v. *Decker*, 108 id. 128; *Stout* v. *Lye*, 103 U. S. 66; *Acker* v. *Leland*, 109 N. Y. 5, 16; *Hersey* v. *Benedict*, 15 Hun, 285; 1 Herman on Estoppel; § 368; *Misselback* v. *Norman*, 46 Hun, 47; *Munoz* v. *Wilson*, 111 N. Y. 295; *Garvey* v. *Jarvis*, 46 id. 310, 313; *Ahern* v. *Goodspeed*, 72 id. 108, 116; *In re Howe*, 1 Paige, 125; *Chase* v. *Peck*, 21 N. Y. 581; *Payne* v. *Wilson*, 72 id. 351.) The evidence clearly establishes the validity of the mortgage and the delivery thereof. (*Munoz* v. *Wilson*, 111 N. Y. 295; *Robinson* v. *Frost*, 14 Barb. 356; *Guilt* v. *Sawyer*, 31 id. 211, 236; *Allis* v. *Stafford*, 17 Hun, 418; *Redfield* v. *Redfield*, 110 N. Y. 671; *Smith* v. *Cross*, 90 id. 549, 556; *Pope* v. *Allen*, Id. 298; *Miller* v. *Montgomery*, 78 id. 282.) The judgment in favor of Haake, held by plaintiff, being junior to the mortgage given to Mrs. Clay, and such mortgage having been made at the request of the fraudulent grantor to secure his indebtedness to her, take precedence of such junior judgment, and would have preference over a *bona fide* purchaser for a valuable consideration, subsequent to the mortgage. (*Murphy* v. *Briggs*, 89 N. Y. 446; *Seymour* v. *Wilson*, 19 id. 417, 421; *Munoz* v. *Wilson*, 111 id. 295, 303; 2 R. S. 137, § 5.)

Andrews, J.    Upon the facts it is very difficult to resist the conclusion that the mortgage to Mrs. Clay was a part of the scheme of fraud originated by Michael K. Wilson for the purpose of putting his property beyond the reach of his creditors. It has been adjudged that the conveyances from Michael to his brother, and from the latter to Eliza A. Wilson, the wife of Michael, were made to defraud the creditors of Michael. The suit of Haake was then pending, and in October, 1879, a few days before judgment was recovered therein, George, the fraudulent grantee of Michael, at the latter's request, executed a mortgage for $8,500 to a poor woman, who lived by her daily labor, in consideration, as is alleged, of a loan for that amount made by her to Michael K. Wilson.

But the question of law here is as to the effect of the fore-· closure judgment as an adjudication in this action as against this plaintiff, of the *bona fides* of the mortgage.   The general principle upon which the doctrine of *res adjudicata* is founded, does not seem to have any appropriate application to prevent the plaintiff from litigating the question of fraud in this action. The plaintiff was not a party to the foreclosure action.   His *status* as creditor may in a loose sense be said to be under the judgment debtor.   But in attaking a conveyance or mortgage made by his debtor in fraud of his rights as creditor, he claims not under, but in hostility to the debtor and his grantee or mortgagee.   By the general rule a judgment binds parties and privies, but not strangers.   The defendants rely upon a class of cases which hold that a judgment recovered for a debt, establishes not only the relation of debtor and creditor between the parties to the judgment, but also as to third persons, so as to preclude them, in the absence of fraud or collusion, from questioning the validity of the judgment or denying that the debt upon which it was rendered actually existed. The case of *Candee* v. *Lord* (2 N. Y. 269) is a leading authority upon this point.   That was a judgment creditor's action charging that the defendants had under fraudulent judgments sold the debtor's property and received the proceeds, and the defendant sought to assail the plaintiff's judgment on

the ground that the indorsement upon which the action was brought was forged. No fraud or collusion was alleged or shown between the parties in the procuring of that judgment, and it was held that the defendants were bound and could not relitigate the question of forgery in the creditor's action. In several subsequent cases of the same general character, brought to set aside transfers in fraud of creditors, it was held that the defendants could not, in the absence of fraud or collusion, impeach the consideration of the judgment upon which the action was founded, or be permitted to show that the contract upon which it was rendered had in fact no existence, or was not enforceable. (*Burgess* v. *Simonson*, 45 N. Y. 225; *Carpenter* v. *Osborn*, 102 id. 552; *Decker* v. *Decker*, 108 id. 128.) In these cases, the alleged fraudulent grantee sought to debar inquiry, by assailing the consideration of the plaintiff's judgment where no fraud was alleged. But these cases do not, we think, go to the extent of supporting the claim of the defendants in this case, that the judgment in the foreclosure action conclusively establishes as against this plaintiff, that the mortgage there sought to be foreclosed was valid and founded upon a good consideration, and was not executed in fraud of creditors of the mortgagor. It is a universal rule of law founded upon the plainest morality, that a party coming into a court of justice for relief, must come with clean hands. Upon this principle it was held in *Alexander* v. *Gould* (1 Mass. 165), that although a deed is fraudulent as to creditors, yet it cannot be avoided by a creditor, the consideration of whose judgment was illegal. In *Humes* v. *Scruggs* (94 U. S. 22), it was held that a decree in a suit between husband and wife, confirming a conveyance of real estate made to her by him, does not bind his assignee in bankruptcy suing to set aside such conveyance on the ground that it was made in fraud of creditors. HUNT, J., in his opinion very appositely says: "There would be little difficulty in making and sustaining fraudulent transfers of property if the parties thereto could by a subsequent suit between them so fortify the deed that no others could attack it."

We are of opinion that a judgment between parties to a conveyance or mortgage, which affirms the validity of the deed or mortgage, whether obtained by default or upon litigation, especially where the exact issue whether or not it was a fraud upon creditors was not presented by the pleadings and decided, does not preclude a creditor, not a party to the action, from subsequently assailing the original transaction as in fraud of his rights as a creditor. This is as far as it is necessary to go in this case, to justify a reversal of the judgment below. The finding that the mortgage in question was valid and founded on a good consideration may have proceeded on the effect given to the adjudication in the foreclosure action. There was no direct issue in that action upon the question whether the mortgage was executed to hinder, delay or defraud the creditors of Michael K. Wilson, and without now deciding whether if that issue had been squarely presented, the judgment would have concluded the present plaintiff, we reverse the judgment below on the ground that as the question was not put in issue directly, the judgment does not bind the plaintiff. (See *Raymond* v. *Richmond*, 78 N. Y. 351.)

The judgment should be reversed and a new trial granted with costs to abide the event.

All concur.

Judgment reversed.