LEDOUX v. BANK OF AMERICA et al.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

1. CHATTEL MORTGAGE—FAILURE TO RECORD—LIEN.

A levy upon chattels of a debtor under an attachment, and the title of a receiver of the debtor's property, take precedence of a chattel mortgage previously executed and delivered by the debtor, but not filed until after the levy and the appointment of the receiver.

**2. Judgment—Res Judicata.**
    In the absence of fraud or collusion, a judgment establishing, between the parties to it, the relation of debtor and creditor, and fixing the amount of the indebtedness, is conclusive, even as against strangers, where a contest is made with reference to property or rights of the debtor, because it is binding upon the parties to it, and other creditors claim only through the debtor.

    Appeal from special term.

    Action by Albert R. Ledoux against the Bank of America and others. Judgment for defendants, and plaintiff appeals. Affirmed.

    Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

    John S. Smith, for appellant.

    C. E. Rushmore, for respondents.

    PATTERSON, J. This action was brought against the East River Silk Company to foreclose a chattel mortgage made by it to the plaintiff, and also against certain receivers of the mortgagor, and against the Bank of America and the National Union Bank, who procured attachments, under which levies were made upon the property of the silk company. The Bank of America subsequently recovered a judgment against the silk company on its claim. Other parties, not necessary to mention, are also made defendants. In addition to the foreclosure of the mortgage, the object of the action was to cut off the liens of the attaching creditors and of the receivers, and to procure a judgment for any deficiency that might arise after the sale of the mortgaged property. The material facts necessary to be considered are the following: The mortgage of the East River Silk Company to the plaintiff was executed and delivered on the 20th of November, 1894. It was not filed, as required by law, until June 14, 1895. The delay in filing was pursuant to an agreement or understanding had between the plaintiff and a representative of the silk company. That might have been sufficient to invalidate the mortgage. Banking Co. v. Duncan, 86 N. Y. 228. On the 13th of June, 1895, the Bank of America and the National Union Bank delivered warrants of attachment against the property of the East River Silk Company to the sheriff of the county of Queens, and it appears that the sheriff's deputy made a levy on the property of the company early on the morning of the 13th of June. On the same day the chancellor of New Jersey appointed receivers of the company, it being a New Jersey corporation, and on the afternoon of the same day the same receivers were appointed in the state of New York by an order of the supreme court. It therefore is made to appear that the levies under the attachments of the two banks and the title of the receivers appointed in this state preceded by one day the filing of the chattel mortgage. The court below directed judgment for the plaintiff, so far as the silk company was concerned, but dismissed the complaint as to the other defendants. The only object of making the banks and the receivers parties was to cut off their liens or interests, the theory of the action being that the banks and the receivers stood in the relation of subsequent alleged lienors to the plaintiff.

They did not occupy such a relation.   Although their liens and the banks' debts may have arisen subsequently to the date of the execution and delivery of the chattel mortgage to the plaintiff, yet, as against them, that mortgage was absolutely void, because it was not filed as required by law. but was detained from the files by reason of an agreement or understanding between the mortgagor and the mortgagee.   The statute is peremptory in its terms.   Laws 1833, c. 279, § 1.   It provides that every mortgage or conveyance intended to operate as a mortgage of goods and chattels hereafter made, which shall not be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against creditors of the mortgagor, subsequent purchasers, and mortgagees in good faith, unless the mortgage, or a copy thereof, shall be filed as directed in the succeeding section, which succeeding section relates to the place of filing. There is no room for construction of this statute.   It is positive in its terms, and makes an instrument of the character described in the section quoted absolutely void,—that is, in legal effect nonexistent,— as against creditors, unless it is filed in the manner required by law. As against the banks, therefore, there was no chattel mortgage, for such banks were creditors, and, as against the receivers' title, the same result would follow in this action (and we are speaking of this action only), for that title relates to the date of the receivers' appointment, which was before the mortgage was filed.   But a question is presented with reference to the debt of one of the banks.   That to the Union Bank does not seem to be questioned, but upon the trial of this cause the plaintiff offered to show that in reality there was no debt due by the silk company to the Bank of America at any time, and the question is fairly raised as to whether or not there was sufficient or proper proof of an indebtedness of the company to the bank which would constitute the bank a creditor, within the meaning of the statute.   It appears by the complaint that the receivers of the silk company and the Bank of America and the Union Bank, being in possession of the property covered by the mortgage, entered into an agreement by which the receivers were authorized to sell all the manufactured goods and other assets of the company, free from the lien or incumbrance of the plaintiff's mortgage, and to deposit the proceeds of sale in a trust company in the city of New York, and that such proceeds should remain subject to any liens of the chattel mortgage and of the attachments to the same extent as the property would have been subject had it remained in specie, and that none of the rights of any of the parties should be impaired in consequence of the action taken under that agreement, and that no lien or right or preference or priority should be waived, and that the various rights of the parties and their priorities should attach to the proceeds of the sale in the same manner as they would have attached to the property itself.   The plaintiff prayed relief for the foreclosure of his chattel mortgage, and that the proceeds of the sale of the goods and the chattels, under the agreement, should be applied to the payment of the amount of the lien of the plaintiff, and costs; that all the de-

fendants, and all persons claiming under them, be barred and fore-
closed against any and all claim, lien, right, title, interest, or equity
of redemption therein; and that the plaintiff have judgment against
the defendants the East River Silk Company and one Moore for any
deficiency that might arise. The answer of the Bank of America,
after making certain denials and setting up the invalidity of the plain-
tiff's mortgage, makes its claim that on June 12, 1895, it procured its
warrant of attachment against the silk company, under which a levy
was made on the morning of that day. The attachment papers were
put in evidence, and, to establish the existence of the relation of
debtor and creditor, there was admitted in evidence the judgment
recovered by the Bank of America against the silk company in the
same action in which the attachment was issued. The counsel for
the plaintiff then offered to show that, notwithstanding the judg-
ment, no debt of the silk company to the Bank of America existed,
and that the record was as to him res inter alios acta. The record
discloses that the offer did not extend to showing that the judgment
was procured by fraud or collusion. The justice who presided at the
trial expressly asked if it was the intention of counsel to make such
proof, and any such intention was specifically disclaimed. But the
plaintiff insists that it was open to him to show that, notwithstanding
the record of the judgment, there was no debt of the silk company
to the bank; that there was nothing in the attachment proceeding
equivalent to an adjudication, and the judgment was only binding as
between parties and privies. The general principle invoked by the
plaintiff does not apply to a case of this kind. It will be seen, from
the synopsis of the complaint which has been given above, that the
contest invited by the plaintiff related to the rights of various cred-
iors to specific property or the avails thereof, and that the disposi-
tion of those rights or of that property and its avails was the sub-
ject-matter of the action. It has now become the settled law that,
in the absence of fraud or collusion, a judgment establishing, be-
tween the parties to it, the relation of debtor and creditor, and fixing
the amount of the indebtedness, is conclusive, even as against stran-
gers, where a contest is made with reference to property or rights to
property of the debtor. Black, Judgm. § 605; Decker v. Decker,
108 N. Y. 128, 15 N. E. 317; Strong v. Lawrence, 58 Iowa, 55, 12 N.
W. 74; McAlpine v. Sweetser, 76 Ind. 78; Swihart v. Shaum, 24
Ohio St. 432; Sidensparker v. Sidensparker, 52 Me. 481; Candee v.
Lord, 2 N. Y. 269. In the case last cited, which in Brooks v. Wil-
son, 125 N. Y. 261, 26 N. E. 258, is stated to be the leading authority
on this point, the reason of the rule is given, and it is said that:

"In creating debts, or in establishing the relation of debtor and creditor, the
debtor is accountable to no one unless he acts mala fide. A judgment, there-
fore, obtained against the latter without fraud or collusion, is conclusive evi-
dence of the relation of debtor and creditor against others—First, because it is
conclusive between the parties to the record, who, in the given case, have the
exclusive right to establish it; and, second, because the claims of other cred-
itors upon the debtor's property are through him, and subject to all previous
liens, preferences, or conveyances made by him in good faith. Any deed,
judgment, or assurance of the debtor, so far, at least, as it concludes him, must
estop his creditors and all others. Consequently neither a creditor nor a

stranger can interfere in the bona fide litigation of the debtor, or retry his case for him, or question the effect of the judgment as a legal claim upon his estate. A creditor's right, in an action to impeach the act of his debtor, does not arise until the latter has violated the tacit condition annexed to the debt,—that he has done and will do nothing to defraud his creditors."

Such being the rule of law, the learned judge on the trial of this case was right in refusing to open the question as to the existence of the relation of debtor and creditor between the Bank of America and the East River Silk Company, or to allow the amount thereof to be disputed in this action.

There is no other alleged ground of error appearing in the case which requires consideration.

The judgment appealed from should be affirmed, with costs. All concur.