## In re GRANT.

(Supreme Court, Appellate Division. First. Department. June 4, 1909.)

1. APPEAL AND ERROR (§ 833*)—MOTION FOR REARGUMENT—RULES OF COURT.

Under rule 8 of the Appellate Division, First Department, authorizing a motion for reargument after a decision is announced, a motion for reargument may be heard prior to entry of the order or judgment of the Appellate Division.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3232; Dec. Dig. § 833.*]

2. EXECUTORS AND ADMINISTRATORS (§ 504*)—SETTLEMENT OF ACCOUNTS OF TEMPORARY ADMINISTRATOR—OBJECTIONS.

On the hearing on a reference in proceedings for the settlement of the account of a temporary administrator, the objections to the account were confined to a single point, and all other objections were expressly withdrawn. A second hearing before the same referee was had pursuant to an order to take further evidence on the single point. Held, that the other objections to the account were withdrawn.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2162, 2163; Dec. Dig. § 504.*]

3. APPEAL AND ERROR (§ 833*)—MOTION FOR REARGUMENT—REVIEW.

Under rule 8 of the Appellate Division, First Department, enumerating the papers on which a motion for reargument may be made without authorizing the presentation of affidavits, a party moving for a reargument cannot by affidavits show the subsequent history and result of litigation, the pendency of which, as disclosed by the record, was given material consideration by the court; and while the Appellate Division may, in a proper case, receive record evidence to sustain a judgment, the time to present the proof is on the argument, and the court need not receive the same after a decision.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 833.*]

4. JUDGMENT (§ 652*)—RES JUDICATA.

The temporary administrator of a deceased member of a firm of stockbrokers, himself a member of the firm, receipted for $18,000 as the purchase price of a seat on the Stock Exchange which had stood in decedent's name. No money actually passed, the administrator claiming that the seat really belonged to the firm, and that the receipt was only a form to facilitate the transfer of the seat to another member of the firm under the Exchange rules. On the subsequent failure of the firm, the seat was sold by the Exchange, and the trustee in bankruptcy of the firm sued for the proceeds, joining the temporary administrator. Held, that a default judgment in such action would not be presumptive evidence in favor of the temporary administrator on his accounting, on the question whether he was chargeable with the $18,000, but that a judgment after a contest would afford a presumption for him, unless the contest was collusive or the temporary administrator failed to present or properly urge material facts.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1164; Dec. Dig. § 652.*]

5. EXECUTORS AND ADMINISTRATORS (§ 38*) — PROPERTY OF ESTATE — SEAT IN STOCK EXCHANGE.

A seat in a Stock Exchange is a property right after the death of the member, though the rules of the Exchange do not recognize ownership of the seat by the estate of a deceased member, except as it provides that the seat shall be disposed of by the committee on admission, who must

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pay the proceeds to the personal representatives after the payment of the obligations of the deceased member.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 38.*]

6. APPEAL AND ERROR (§ 832*)—MOTION FOR REARGUMENT—GROUNDS.
    A direction in the original opinion of the Appellate Division for a stay of proceedings until a final determination of another action cannot prejudice a party moving for a reargument, urging that such action had already been finally determined.

    [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 832.*]

On motion for reargument. Denied.

For former opinion, see 116 N. Y. Supp. 767.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, McLAUGHLIN, and CLARKE, JJ.

Charles E. Souther, Clarence Edward, and Richard O'Gorman, for appellants.

Arthur L. Marvin, for respondents Grant and others.

William Lloyd Kitchel, for respondents Irey and others.

LAUGHLIN, J. The appeals herein were submitted on the 22d day of April, 1909, and an opinion of the court deciding the same was handed down on the 7th day of May, 1909. 116 N. Y. Supp. 767. The determination of the surrogate was reversed, in part, by a modification of the decree, in part, and directing a rehearing thereon, with a stay of proceedings. The respondents move for a reargument, claiming that the decision of the court is inconsistent with the propositions of law and authorities, which they concede were not presented for the consideration of the court on the appeal, and upon an affidavit showing the final determination of an action which the record showed to have been brought and indicated was still pending. The appellants contend that the motion cannot be heard, for the reason that the order upon our decision is not entered. Rule 8 of the rules of the Appellate Division, First Department, authorizes a motion for a reargument after a decision is announced, and does not contemplate or require the prior entry of the order or judgment of this court. The propositions of law which the learned counsel for the respondents now bring to the attention of the court were, so far as the same are sustained by authority, fully considered by the court, although not contained in the briefs. We were of opinion that there should be a rehearing on the facts with respect to the ownership of the seat or membership in the Stock Exchange, and we assigned as an additional ground the pendency of the action shown by the record to have been brought to determine the ownership of the fund in court which was the proceeds of the sale of the Stock Exchange membership or seat in question.

On the point, made on the motion for reargument, to the effect that the court overlooked the principle by which it is the duty of an administrator to state in his accounts any and all property which comes to his knowledge, and the Code provisions and decisions of the courts

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to that effect, and that "this principle, if applied to the facts of this case, would have required the administrator to list in his accounts the interest of James Grant in the partnership of Grant Bros., which interest, upon the testimony of the appellants, was 25 per cent.," it is sufficient to observe that, on the hearing on the first reference, the counsel who now makes this claim expressly withdrew the objection which he had filed to the account of the temporary administrator for his failure to account for the interest of the decedent in the copartnership, and expressly confined his objection, and stated that he was acting in this regard for all of the contestants, to the point that the temporary administrator had wrongfully sold this seat and had failed to account therefor. The last hearing was before the same referee on an order to take further evidence on the single point as to the ownership of the seat in the Stock Exchange, and therefore the withdrawal of the other objections stands. We are of opinion that the appeals were properly decided by the original opinion on the record as presented, and that the respondents are not at liberty to present facts tending to show the subsequent history and the result of the litigation, the pendency of which, as disclosed by the record, was given material consideration by this court. Rule 8, above referred to, enumerates the papers upon which a motion for reargument may be made, and it does not authorize the presentation of affidavits. The affidavit is not record evidence, and, even if the record of the judgment in the action to which reference is made had been presented on a motion for a reargument, that would not have availed the respondents. It is true that the court may, in a proper case, receive record evidence which is unimpeachable, to sustain a judgment or decree; but the time to present such proof is on the argument, and the court is under no obligation to receive the same after a decision of the appeal.

Assuming that the action by the trustee in bankruptcy of the firm against the executor and temporary administrator of the estate of the decedent to recover the proceeds of the sale of the seat in question, which it appears were paid into court by the New York Stock Exchange, has been finally decided in favor of the trustee by default, that will, of course, be no adjudication upon the merits as to the ownership of the seat, and will not even be presumptive evidence in favor of the temporary administrator that it belonged to the firm; but, even if the action had been contested, the decision, of course, would at most be presumptive evidence in favor of the administrator on the accounting, the same as if, after he found a purchaser for the seat, the firm claimed the proceeds of the sale which he made, and the fund was paid into court to have their respective rights thereto determined. But if he were guilty of fraud or collusion with respect thereto, or failed to present all of the material facts and properly urge them for an adjudication by the court, the judgment would cease to be even presumptive evidence in his favor as against persons interested in the estate. Matter of Watson, 101 App. Div. 550, 92 N. Y. Supp. 195, and cases cited; Matter of Watson, 115 App. Div. 310, 100 N. Y. Supp. 993, affirmed 187 N. Y. 541, 80 N. E. 1122. See, also, Nicholas

v. Lord, 118 App. Div. 800, 103 N. Y. Supp. 681, s. c. 121 App. Div. 924, 106 N. Y. Supp. 1139, affirmed 193 N. Y. 388, 85 N. E. 1083.

This court did not, by the original opinion, make any decision on the question as to the effect of the adjudication in that action upon the issues in this proceeding. It appeared by the record that the temporary administrator was not authorized to sell this seat, or to dispose of any of the property of the estate, but merely to collect assets, and that he did not in form attempt to execute a bill of sale, or otherwise sell the seat, excepting to give a receipt erroneously reciting the receipt of $18,000 in consideration of a transfer of the membership to his son, one of the surviving members of the firm. A seat or membership in the Stock Exchange is a valuable property right, notwithstanding the fact that the rules of the Exchange do not recognize ownership of the seat or membership by the estate of a deceased member, excepting as it is provided by the rules that in such case the membership shall be disposed of by the committee on admissions, and after paying any obligations of the member to the Exchange or to his fellow members, the proceeds shall be paid to his personal representatives. Matter of Hellman, 174 N. Y. 254, 257, 66 N. E. 809, 95 Am. St. Rep. 582; Wrede, as Receiver, v. Clarke, as Trustee (App. Div., 1st Dept., May, 1909) 117 N. Y. Supp. 5. By virtue of a paper, therefore, executed by the temporary administrator, which as between the parties was void for want of consideration, a surviving member of the firm succeeded to the rights and privileges of this membership in the Exchange, commonly called a "seat" in the Exchange, and that seat had been sold by the Exchange, and the proceeds had been brought into the Supreme Court to await the determination of conflicting claims, made in behalf of the trustee, both of the firm and of the surviving member, who succeeded to the decedent's membership in the estate, and the estate of the decedent.

It was apparent that in that action the question of ownership of this seat or membership, as between the firm and the estate of the decedent, could have been authoritatively determined; for, if the right thereto had been contested upon the merits, and all of the available evidence had been presented in good faith, there appears to be no reason why the adjudication should not have been accepted by the surrogate as decisive of the proposition that the seat was a firm asset and did not belong to the decedent, and that the temporary administrator was not properly accountable therefor, any more than if, after he had agreed with a purchaser on a sale thereof, if authorized to sell it by the Surrogate's Court, it had been authoritatively decided that the firm, and not the temporary administrator, was entitled thereto, or if it had been recovered from him by the firm. Of course, the contestants and others interested in the estate were still at liberty, even after final judgment in that action, if adverse to their interests, to contest the temporary administrator's claim to be relieved of liability for the value of the seat in the Stock Exchange, upon the ground that he was guilty of collusion or fraud in the defense of the action, or that he failed to present all of the material evidence available and to urge the same upon the consideration of the court.

The direction in the original opinion for a stay of proceedings until a final determination of that action cannot prejudice the respondents, if, as they claim, the action has already been finally determined; for they will be at liberty to move the court to proceed with the rehearing without delay.

It follows, therefore, that the motion for reargument should be denied, with $10 costs. All concur.

END OF CASES IN VOL. 116.