BISCHOFF v. PACKARD et al.

(Supreme Court, Appellate Division, First Department. May 5, 1911.)

1. PLEADING (§ 349*)—REPLY—JUDGMENT FOR FAILURE TO REPLY.

Where, after issue joined, the defendants procured an order, under Code Civ. Proc. § 516, requiring plaintiff within 20 days to reply to an affirmative defense, which plaintiff failed to do, the defendants were entitled to judgment dismissing the complaint on the merits; the failure to reply being an admission of the facts alleged as a defense.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1067–1069; Dec. Dig. § 349.*]

2. JUDGMENT (§ 713*)—CONCLUSIVENESS.

Where plaintiff gave a note to defendants, and assigned an interest in his grandfather's estate as collateral security therefor, and defendants brought an action on the note, and summons was served on the plaintiff, and the issues were decided therein for the defendants, the judgment conclusively determined the validity of the debt represented by the note, as well as the amount due, and plaintiff cannot afterwards claim that the transaction was usurious and void, and ask for a cancellation of the assignment, as the assignment was a mere incident to the debt, and could not be separated from it.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1234–1241; Dec. Dig. § 713.*]

3. JUDGMENT (§ 713*)—CONCLUSIVENESS.

A judgment obtained without fraud or collusion is conclusive between the parties to an action as to all the matters which were or might have been litigated.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1234–1241; Dec. Dig. § 713.*]

Appeal from Special Term, New York County.

Action by Ernest W. Bischoff against Nathan J. Packard and another, impleaded with defendants. From an order denying a motion for judgment on the pleadings, defendants Packard and another appeal. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Samuel Packard, for appellants.
Harry Eckhard, for respondent.

McLAUGHLIN, J. This action is brought to procure a judgment that a note given by the plaintiff to the defendants and an assignment of his interest in his grandfather's estate as collateral security for the payment of the same are usurious and void, and for a cancellation of the assignment. The defendants as an affirmative defense alleged that they brought an action against this plaintiff in the City Court of the city of New York upon the note referred to in the complaint, and there procured on the 16th of December, 1908, a judgment against

him for the amount due upon the note with interest, that the summons in that action was personally served on this plaintiff, and all the issues in this action were conclusively resolved in favor of these defendants.

[1] After issue had been joined, the defendants procured an order requiring the plaintiff, within 20 days after the service of the same upon him, to reply to this affirmative defense. He failed to reply, and thereupon they moved for judgment on the pleadings dismissing the complaint on the merits. The motion was denied, and the defendants appeal.

The note was the principal obligation. The assignment was given as collateral security for its payment.

[2] The judgment in the City Court finally and conclusively determined, the summons having been personally served on the defendant and no appeal having been taken from the judgment, the validity of the debt represented by the note, as well as the amount due. The existence of the debt and the validity of the note, as well as the validity of the assignment, cannot now be questioned. The assignment was a mere incident to the debt given solely as collateral security for its payment. It cannot be separated from the debt and exist independently of it. Manhattan Life Ins. Co. v. Johnson, 188 N. Y. 108, 80 N. E. 658, 9 L. R. A. (N. S.) 1142; Merritt v. Bartholick, 36 N. Y. 44.

In Manhattan Life Ins. Co. v. Johnson, supra, a mortgage on property in this state was given to secure the payment of promissory notes payable in Massachusetts, and it was urged, notwithstanding the notes were valid in Massachusetts, nevertheless the mortgage was void for usury in the state of New York. The court held that, the notes being valid in Massachusetts, the mortgage could not be here attacked. Judge Gray, who wrote the opinion, said:

"The giving of security was but an incident of the agreement of the parties, for it was but a means of securing what was agreed to be done. It did not affect the fulfillment of the agreement, and, if that is unassailable, how can the defense of usury in the agreement for the loan or forbearance of money be made out? Manifestly it cannot be. The borrower could not show that the loan to him was so affected by usury that the repayment of the principal sum was unenforceable. * * * The legal fulfillment of a contract of loan on the part of the borrower is repayment of the money and the security given is but the means of securing what he has contracted for."

When the plaintiffs in the action in the City Court proved the note and established its validity by the judgment there rendered in their favor, this plaintiff could not thereafter, without setting aside that judgment, question the validity of the assignment.

[3] A judgment obtained without fraud or collusion is conclusive between the parties to an action as to all the matters which were or might have been litigated. Nicholas v. Lord, 193 N. Y. 388, 85 N. E. 1083; Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607; Carpenter v. Osborne, 102 N. Y. 552, 7 N. E. 823. The plaintiff in the City Court had an opportunity to litigate the question as to whether the loan were usurious, but he did not see fit to do so. He permitted the plaintiffs to establish the validity of the note and take a judgment for the amount due. That judgment is a complete defense to the cause of action set out in the complaint. The plaintiff, by not replying to the affirmative defense, as he was directed

to do, thereby admits all of the facts set forth as true. These facts all being admitted, defendants were entitled, under section 516 of the Code of Civil Procedure, to judgment dismissing the complaint on the merits.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

